BASINGER et al., Appellants,

v.

PILARCZYK et al., Appellees.

[Cite as *Basinger v. Pilarczyk* (1997), 125 Ohio App.3d 74.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–961139.

Decided Dec. 26, 1997.

*McIlwain & McIlwain* and *Gerald R. Grubbs,* for appellants.

*Dinsmore & Shohl, Mark A. VanderLaan* and *Thomas Jacobs,* for appellees.

---

*Per Curiam.*

The plaintiffs-appellants, Howard E. Basinger, Jr., and Patricia Sturgis Basinger, appeal from the trial court's order under Civ.R. 12(B)(6) dismissing with prejudice their complaint against the defendants-appellees. The single issue on appeal is whether the trial court had jurisdiction to determine a claim of age discrimination under R.C. 4112.02(A) and 4112.14 against a church-operated elementary school that offered matters of church doctrine as a reason for its termination of the Basingers' employment. Because the Basingers are entitled to try to establish whether those doctrinal matters were actually a pretext for unlawful age discrimination, we reverse.

The second count of the Basingers' complaint alleges that appellee All Saints School terminated the 1996–1997 teaching contracts of Patricia, age fifty-five with twenty-four years of service as a lay teacher at the school, and Howard, age forty-six with seven years of service as a lay teacher at the school. It further alleges that although the Basingers were qualified and capable of performing their duties as lay teachers, the school replaced them with substantially younger persons, thirty-one and twenty-eight years of age. In the appellees' memorandum in support of their motion to dismiss, the Archdiocese of Cincinnati and All Saints School contended that the Basingers' marriage was invalid and, therefore, that their living together violated both church doctrine and the language of their employment contracts requiring them to abide by the general tenets of the Catholic faith. The trial court, without opinion or discussion, journalized an order granting appellees' motion to dismiss with prejudice.

▮▮ To dismiss a complaint for failure to state a claim under Civ.R. 12(B)(6), "after all factual allegations [of the complaint] are presumed true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts warranting relief." *State ex rel. Neff v. Corrigan* (1996), 75 Ohio St.3d 12, 14, 661 N.E.2d 170, 173. In reviewing the first count of the complaint, which is the Basingers' claim for breach of contract, we agree with the trial court's order dismissing that count with prejudice. To explore whether All Saints School's decision to terminate the Basingers breached the contract on grounds that they entered into a canonically invalid marriage and are thus unfit for the school's religious mission would have required the trial judge authoritatively to interpret the teachings, philosophies, and laws of the Roman Catholic Church to determine whether the Basingers violated them. The trial court's examination of the conditions of employment at a church-operated school involves a significant risk of government-religion entanglement and gives rise to a clear violation of the First Amendment. *Lemon v. Kurtzman* (1971), 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745.

▮▮ The First Amendment does not, however, preclude the trial court's limited inquiry into the second count of the complaint, which alleges that the doctrinal reason proffered by the appellees for the Basingers' termination was a mere pretext and that their firing was actually motivated by age discrimination. In so ruling, we are acutely mindful of the three-prong inquiry set forth in *Natl. Labor Relations Bd. v. Catholic Bishop of Chicago* (1979), 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533, to determine impermissible entanglement between a secular law and a religious institution. However, if the allegations in the second count are presumed true, as is required under Civ.R. 12(B)(6), the Basingers have established a prima facie case of employment discrimination under *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. See *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Although All Saints School has proffered a legitimate doctrinal reason for their termination, the Basingers are still entitled to an opportunity to demonstrate, as they allege, that the doctrinal reason proffered was not the real motivation behind their termination.

Because a Civ.R. 12(B)(6) inquiry is limited solely to the four corners of the complaint, we conclude that the Basingers' allegations of employment discrimination in the second count do not, on their face, require the trial court to determine religious doctrine. Restricted to their most limited sense, these allegations ask the trial court only to determine a factual question: whether the religious reason given by All Saints School and the other appellees actually motivated the Basingers' termination or was a pretext for age discrimination. See *Geary v.*

*Visitation of the Blessed Virgin Mary* (C.A.3, 1993), 7 F.3d 324. While this process may ultimately become an exercise in futility for the Basingers because of the very narrow scope of the inquiry, the trial court is not entirely deprived of subject-matter jurisdiction by the First Amendment.

Accordingly, the judgment of the trial court is affirmed as to the dismissal of the first count of the complaint and reversed as to the dismissal of the second count. This cause is remanded to the trial court for further proceedings consistent with this decision as to the second count of the complaint.

*Judgment accordingly.*

HILDEBRANDT, P.J., GORMAN and MARIANNA BROWN BETTMAN, JJ., concur.