BASINGER et al., Appellants,

v.

PILARCZYK et al., Appellees.

[Cite as Basinger v. Pilarczyk (2000), 137 Ohio App.3d 325.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–990454.

Decided March 31, 2000.

*McIlwain & McIlwain, Gerald R. Grubbs* and *Stephen P. Basinger,* for appellants.

*Dinsmore & Shohl, LLP, Mark A. Vander Laan* and *Timothy S. Mangan,* for appellees.

WINKLER, Judge.

Plaintiffs-appellants alleged that they were terminated from their employment as teachers at All Saints School because of their age.[1] The defendants-appellees filed a motion for summary judgment, which the trial court granted. The plaintiffs-appellants now ask this court to reverse the summary judgment and remand this case for trial, claiming that the trial court erred in granting the summary judgment as a matter of law.

A court may grant summary judgment only when the moving party demonstrates that the record is devoid of genuine issues of material fact and that reasonable minds can come to but one conclusion, which is adverse to the nonmoving party. See Civ.R. 56(B); see, *e.g., Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. Where there are no disputed issues, summary judgment is properly granted to avoid a formal trial; however, the trial court may only grant summary judgment after construing the evidence in favor of the nonmoving party. See *Norris v. Ohio Std. Oil Co.* (1982), 70 Ohio St.2d 1, 2, 24 O.O.3d 1, 1–2, 433 N.E.2d 615, 616; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274. An appellate court reviews the record *de novo* to determine whether the party moving for summary judgment has met its

---

1. This is the second time this case has been before this court. In *Basinger v. Pilarczyk* (1997), 125 Ohio App.3d 74, 707 N.E.2d 1149, we reversed the dismissal of the plaintiffs-appellants' claim of age discrimination, but affirmed the dismissal of a breach-of-contract claim. The only issue before the court in this appeal is the age-discrimination claim, the merits of which we did not discuss in our earlier opinion.

burden. See *id.; Wille v. Hunkar Laboratories, Inc.* (1998), 132 Ohio App.3d 92, 724 N.E.2d 492.

In order for an employee to establish a prima facie case of age discrimina-tion, it must be shown that the employee was (1) a member of a statutorily protected class, (2) discharged, (3) qualified for the position, and (4) replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class. See *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 575 N.E.2d 439, syllabus (modifying and explaining paragraph one of the syllabus of *Barker v. Scovill, Inc.* [1983], 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807).

"A plaintiff-employee has the burden of proving by a preponderance of the evidence a prima facie case of discrimination. If a prima facie case is presented, the employer must articulate some legitimate, nondiscriminatory reason for the plaintiff's discharge. If the employer can articulate a nondiscrimi-natory reason, then the presumption of discrimination raised by the prima facie case is rebutted, and the plaintiff's burden is to prove that the employer's reason for discharge was false, and that discrimination was the real reason for the discharge." *Weiper v. W.A. Hill & Associates* (1995), 104 Ohio App.3d 250, 661 N.E.2d 796, citing *St. Mary's Honor Ctr. v. Hicks* (1993), 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407.

The four-part test for a prima facie case of age discrimination need not be satisfied when the employee provides direct evidence of age discrimination. See *Cruz v. S. Dayton Urological Associates, Inc.* (1997), 121 Ohio App.3d 655, 662, 700 N.E.2d 675, 679; *Byrnes v. LCI Communication Holdings Co.* (1996), 77 Ohio St.3d 125, 672 N.E.2d 145.

In this case, the record sufficiently demonstrates a prima facie case of age discrimination. The plaintiffs-appellants are members of a protected class, as set forth in R.C. 4112.14. The plaintiffs-appellants were discharged from their employment as teachers, positions for which they were fully qualified as evi-denced from their many years of teaching experience. The plaintiffs-appellants were then replaced by younger teachers.

In response to the prima facie case, the defendants-appellees set forth a sufficient nondiscriminatory justification for terminating the plaintiffs-appellants. The defendants-appellees asserted that plaintiffs-appellants failed to comply with church doctrine when they cohabited without being married. The plaintiffs-appellants then had the burden to demonstrate that the nondiscriminatory justification for their discharge was merely pretextual.

The plaintiffs-appellants could refute the defendants-appellees' justifica-tion for their discharge by proving that (1) there was no basis in fact for the

justification given, (2) the justification did not actually motivate the discharge, or (3) the justification was insufficient to motivate the discharge. See *Frantz v. Beechmont Pet Hosp.* (1996), 117 Ohio App.3d 351, 359, 690 N.E.2d 897, 903. The plaintiffs-appellants attempted to refute the nondiscriminatory justification by asserting that they were fired for budgetary reasons; however, the record demonstrates that there were other teachers at the school who were paid more than the plaintiffs-appellants, and that the school was not "over budget," contrary to the claim made by plaintiffs-appellants. Furthermore the plaintiffs-appellants admitted that they had cohabited without the benefit of marriage, which is contrary to the teachings of the Catholic Church.

Based upon the state of this record, we hold that the plaintiffs-appellants have failed to prove that the nondiscriminatory justification for their discharge was merely a pretext for age discrimination. Accordingly, the trial court was correct in concluding that there were no genuine issues of material fact sufficient to warrant a trial. Therefore, we overrule the single assignment of error and affirm the judgment of the trial court.

*Judgment affirmed.*

HILDEBRANDT, P.J., and GORMAN, J., concur.