CASSEL, Appellant,

v.

SCHUSTER ELECTRONICS, INC., Appellee.

[Cite as *Cassel v. Schuster Electronics, Inc.,* 159 Ohio App.3d 224, 2004-Ohio-6276.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 21966.

Decided Nov. 24, 2004.

John C. Oberholtzer, for appellant.

Michael L. Fortney, for appellee.

CARR, Presiding Judge.

{¶ 1} This matter is before this court on appeal from the Summit County Common Plea Court's granting of appellee Schuster Electronics, Inc.'s motion for summary judgment and the trial court's denial of appellant William Cassel's motion for partial summary judgment. For the following reasons, this court affirms.

I

{¶ 2} Appellant was employed in various positions by appellee from June 1979 through July 23, 2001. His final position, and the one from which he claims he was terminated because of age, was branch manager of appellee's Pittsburgh office. He held that position from 1999 through his termination on July 23, 2001.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆

From 1997 through 1999, appellant held the position of Director of Product Marketing. From 1995 through 1997, he was an officer of the company and held the position of Executive Director of Product Marketing. Appellee contends that appellant's last three positions were all demotions. Appellant does not dispute that the two prior position changes were demotions. He does dispute, however, that his last transfer to Pittsburgh branch manager was a demotion.

{¶ 3} Appellee's electrical components business experienced a substantial downturn in 2001. Appellee turned a profit in 2000. The business then experienced a loss in 2001 and a larger loss in 2002. The results for appellee's Pittsburgh office were also declining during this period. The greatest loss occurred in 1999, the year appellant was appointed as branch manager. Losses improved in 2000, the first year he took over, but then worsened in 2001. In 2002, the year after he was terminated, the Pittsburgh office posted a small profit. Appellee admits that its Pittsburgh office has always lost money since its acquisition in 1997 and has always been one of the worst-performing of its eight offices.

{¶ 4} On July 23, 2001, appellee's president and sole shareholder, Theodore Ludeke, appeared in appellant's office and informed him that he was terminated on a "vague reference to downsizing."

{¶ 5} Appellant sued appellee, alleging that it had terminated him on the basis of his age in violation of R.C. 4112.02.[1] Both appellant and appellee moved for summary judgment. The trial court granted appellee's motion and denied appellant's motion. Appellant timely appealed, setting forth one assignment of error for review.

## II

{¶ 6} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." *Am. Energy Serv. Inc. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315. Under Civ. R. 56(C), summary judgment is proper if

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and

---

1. Appellant also alleged that appellee had committed fraud and misrepresented the possibility of a consulting agreement to induce him to retire. The trial court granted summary judgment in favor of appellee on these causes of action, and appellant has not raised these issues on appeal.

viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating the absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. Any doubt is to be resolved in favor of the nonmoving party. *Viock v. Stowe–Woodward Co.* (1983), 13 Ohio App.3d 7, 12, 13 OBR 8, 467 N.E.2d 1378.

{¶ 8} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Dresher,* 75 Ohio St.3d at 293, 662 N.E.2d 264. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleading but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735, 600 N.E.2d 791.

### III

### ASSIGNMENT OF ERROR

The trial court erred in granting summary against plaintiff-appellant.

{¶ 9} Appellant argues that the trial court erred in granting appellee summary judgment because he established a prima facie case of age discrimination as required by R.C. 4112.14. Further, appellant claims that he has rebutted any allegations by appellee that his termination was based on a reduction in force ("RIF"). This court disagrees.

{¶ 10} R.C. 4112.14 prohibits age discrimination by employers:

(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee.

{¶ 11} Appellant may establish an unlawful age-discrimination claim by producing either direct or indirect evidence. *Harold v. Bridgestone/Firestone, Inc.* (Sept. 16, 1998), 9th Dist. No. 18915, 1998 WL 646626. Absent direct evidence, appellant may bring a discrimination claim through indirect evidence by establishing a prima facie case.

{¶ 12} The Ohio Supreme Court has set out the elements required to establish a prima facie case of age discrimination. *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, paragraph one of the syllabus. An age-discrimination claimant may establish a prima facie case by presenting some evidence regarding the following elements: (1) the employee was a member of a protected class; (2) the employer discharged him; (3) the employee was qualified for the position from which he was discharged; and (4) the employee was replaced by, or the discharge permitted the retention of, a person not belonging to the statutorily protected class.

{¶ 13} In *Outzen v. Continental Gen. Tire, Inc.* (Feb. 2, 2000), 9th Dist. No. 19604, 2000 WL 141069, this court adopted the standard for the fourth element of the prima facie case set forth by the United States Supreme Court in *O'Connor v. Consol. Coin Caterers Corp.* (1996), 517 U.S. 308, 116 S.Ct. 1307, 134 L.Ed.2d 433. In *O'Connor*, the Supreme Court held that the fourth element can be established by showing that an employee was replaced by a "substantially younger" person, not necessarily outside the protected class.

{¶ 14} Appellant established the first two prongs of the prima facie case—that he was a member of a protected class and that he was terminated. Appellant also argues that he has produced evidence regarding the third and fourth prongs of the test as well. He claims that the third prong—his qualifications for the job—was established because his transfer to Pittsburgh branch manager was not a demotion and his performance was exemplary. He cites his lack of a pay cut upon the transfer, the improved performance of the Pittsburgh office, and his bonus as evidence.

{¶ 15} Appellant claims that the fourth prong—his replacement by a "substantially younger" man—was met because his duties were split between two men, one who was 41 and the other who was in his mid–30s. Therefore, appellant argues that he has made out a prima facie case of age discrimination.

{¶ 16} Appellee contends that appellant was legitimately terminated pursuant to a companywide RIF.

{¶ 17} Appellant claims that the trial court applied inappropriate RIF prima facie requirements to his termination.

## IV

{¶ 18} The first issue this court must determine is whether appellant was terminated pursuant to a RIF. Resolution of this issue determines the proper elements required to establish a prima facie case of age discrimination. In *Carpenter v. Wellman Prods. Group*, 9th Dist. No. 03CA0032–M, 2003-Ohio-7169, 2003 WL 23094777, this court held that a RIF occurs when business considerations cause an employer to eliminate one or more positions within the company.

See, also, *Barnes v. GenCorp, Inc.* (C.A.6, 1990), 896 F.2d 1457, 1465; *Russell v. Teledyne Ohio Steel* (C.A.6, 1990), 892 F.2d 1044.

{¶ 19} There is no dispute that appellee eliminated 23 of a total of 94 employees (24 percent decline) over a 16–month period beginning three months before appellant's termination. Appellee terminated positions from several of its branches. There is also no question that appellee terminated these employees because of a severe economic downturn in the industry. These undisputed facts establish that appellee was engaged in a substantial RIF.

{¶ 20} Appellant, however, argues that his termination was not part of the companywide RIF because he was terminated before it began. On July 23, 2001, the date appellant was terminated, appellee's board of directors held a meeting at which it discussed Ludeke's recommendations for the business. The minutes acknowledged the severe economic downturn and President Ludeke's proposed changes, pay cuts, reorganizations for a number of appellee's branches, and the elimination of two other positions not connected with the Pittsburgh office. The minutes also discussed Ludeke's proposal to eliminate appellant's position and another position in the Pittsburgh office. The board approved the changes and voted to implement them immediately.

{¶ 21} The minutes, appellant argues, established that the RIF did not begin until after his termination. Consequently, he claims that this court may consider only the three terminations occurring in the Pittsburgh office in reviewing his age claim, and not the entire workforce reduction. This court finds that the companywide RIF began before appellant's termination. The minutes discuss the entire business and several of its offices. Further, from the record, it appears that a number of the president's proposals had been put into effect before July 23, 2001. Consequently, this court finds that appellant's termination was part of a companywide RIF and must be analyzed as such.

{¶ 22} In a RIF, the terminated employee must show that he was replaced after his termination in order to establish a prima facie case of age discrimination. *Murphy v. E. Akron Community House* (1989), 56 Ohio App.3d 54, 57, 564 N.E.2d 742. A person is replaced only when another employee is hired or reassigned to perform his duties. An employee is not considered replaced "when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work." *Barnes,* 896 F.2d at 1465. See, also, *Gordon v. Universal Elec.* (Oct. 1, 1997), 9th Dist. No. 18071, 1997 WL 625485, quoting *Atkinson v. Internatl. Technegroup, Inc.* (1995), 106 Ohio App.3d 349, 666 N.E.2d 257. In this case, there is no dispute that appellant was not replaced. Appellant admits that his duties were redistributed between two existing employees.

{¶ 23} This court has held that an appellant has a "somewhat heavier burden" in order to establish a prima facie case where his position is not refilled. *Kirkendall v. Parker Hannifin Corp.* (July 12, 1995), 9th Dist. No. 94CA005955, 1995 WL 422739. In such a case, an employee must come forward with additional direct, circumstantial, or statistical evidence that age was a factor in his termination. See, also, *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 591 N.E.2d 752; *Wang v. Goodyear Tire & Rubber Co.* (1990), 68 Ohio App.3d 13, 587 N.E.2d 387. The Sixth Circuit Court of Appeals explained that this burden is necessary because the normal prima facie case does not take into account the most common legitimate reasons for the discharge, the reductions themselves. *Barnes,* 896 F.2d at 1465.

{¶ 24} In the present case, there is no other additional direct, circumstantial, or statistical evidence to support appellant's age claim. Appellee made substantial cuts to its workforce due a severe economic downturn. Some of these cuts were made in its Pittsburgh office, which was one of appellee's worst-performing offices, regardless of its improved loss performance under appellant's leadership. Additionally, appellee presented unrebutted evidence that the RIF did not adversely affect older employees.[2] In fact, the average age of those terminated— 41 years old—was younger than the average age of the remaining employees of 41.6.

{¶ 25} Appellant's arguments that appellee gave inconsistent reasons for his termination are spurious. This court has reviewed Ludeke's comments made during appellant's termination meeting, appellee's answer, and all the evidence presented in the summary judgment motion and response and has found them consistent with appellee's assertion that appellant was terminated pursuant to a RIF. The mere fact that appellee also had concerns about appellant's job performance does not change this analysis. Many employees about whom the employer had performance concerns were legitimately terminated in a RIF. See *Karaba v. Alltell Comm.* (Sept. 5, 2002), 8th Dist. No. 80546; *Carpenter,* 9th Dist. 03CA0032–M.

{¶ 26} Under these uncontested facts, there is nothing in the record to meet appellant's burden of showing direct, circumstantial, or statistical evidence of age discrimination to support a prima facie case. Appellant alleged that appellee made a comment about wanting to show a "younger face" in the Pittsburgh office. This court has reviewed this remark and the context in which it was allegedly made and concludes as did the trial court that the remark is too remote to

---

2. Appellant wishes this court to consider only the three terminated Pittsburgh employees in determining whether his age was a factor. As noted before, it is improper for this court to do so because the RIF was companywide.

consider as direct evidence of age discrimination. Consequently, appellant's age claim cannot withstand summary judgment. *Teledyne.* Because this court finds that appellant failed to establish a prima facie case of age discrimination, it is unnecessary to determine whether appellee's reasons for terminating appellant were pretextual. Appellant's sole assignment of error is overruled.

V

{¶ 27} This court finds that appellant failed to establish a prima facie case of age discrimination under R.C. 4112.14. Therefore, the trial court was correct in granting summary judgment in favor of appellee and denying partial summary judgment in favor of appellant. The trial court's judgment is affirmed.

Judgment affirmed.

WHITMORE and BATCHELDER, JJ., concur.