POTTS, Appellant,

v.

CATHOLIC DIOCESE OF YOUNGSTOWN, Appellee.

[Cite as *Potts v. Catholic Diocese of Youngstown*, 159 Ohio App.3d 315, 2004-Ohio-6816.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04 MA 24.

Decided Dec. 8, 2004.

316

318

Raymond J. Masek, for appellant.

Newman, Olson & Kerr, Mary Beth Houser, and Brent E. Baker, for appellee.

WAITE, Presiding Judge.

{¶ 1} Appellant, Mary Ellen Potts, appeals the decision of the Mahoning County Court of Common Pleas, granting summary judgment to the defendant in a case involving breach of contract, age discrimination, wrongful discharge in violation of public policy, and negligence. Appellant had been a teacher at St. Charles School, a parochial school under the jurisdiction of appellee, the Catholic Diocese of Youngstown. Appellant's teaching contract was terminated after she entered into a marriage that appellee determined was invalid under the teachings of the Roman Catholic Church. Appellant filed a multicount complaint in response to appellee's actions. The trial court granted summary judgment to appellee on all claims. It appears from the record that appellee did not provide any evidence with respect to some of appellant's contractual claims concerning money that may have been owed to her at the time of her discharge. Appellant should have been permitted to go to trial on this limited aspect of her breach of contract claim. On all other claims, the trial court was correct in granting summary judgment. The judgment of the trial court is reversed and remanded for the limited purpose of litigating the remaining contractual issues.

{¶ 2} Appellant filed her complaint on May 3, 2002. Appellant stated four claims in her complaint: breach of contract, age discrimination, wrongful discharge in violation of public policy, and general negligence. On July 8, 2002, appellee filed an answer in which it asserted that appellant had failed to state a claim for which relief could be granted and that the claims were barred by the First Amendment.

{¶ 3} On November 21, 2003, appellee filed a motion for summary judgment. The motion first argued that appellant's teaching contract incorporated by reference the terms and conditions of the Lay Teacher Personnel Policies and Fringe Benefits. The motion argued that the Section 7(7) of the Lay Teacher Personnel Policies and Fringe Benefits manual gave the superintendent of schools the right to terminate any teaching contract if the teacher entered into a marriage not recognized as valid by the Catholic Church. The attached affidavit of Sister Mary Alyce Koval asserted that the Catholic Church does not recognize a marriage as valid if either party to the marriage was previously married and if

that prior marriage was not properly annulled. The affidavit also asserted that appellant had entered into that type of invalid marriage. These facts were apparently presented as a complete defense to the breach-of-contract claim, the age-discrimination claim, and any other possible claim contained in appellant's complaint.

{¶ 4} Appellee's motion for summary judgment also argued that the claims presented by appellant involved an excessive entanglement of the court into religious questions, in violation of the First Amendment.

{¶ 5} Appellant filed a response to the motion for summary judgment on December 17, 2003. Appellant's attached affidavit asserted that she became engaged to Roger Brotzman on October 6, 1999. Brotzman was a protestant Christian and had been previously married. Appellant asserted that she also had been previously married but that her previous marriage had been properly annulled. The affidavit stated that she found out from her priest that under Roman Catholic doctrine, Brotzman's protestant marriage would also need to be properly annulled before appellant and Brotzman could be married. Appellant alleged that Monsignor Carigilio told her that Brotzman's prior marriage would be annulled on grounds of adultery. Appellant stated that the annulment decision was announced on November 28, 2001, and that the annulment was not granted. Appellant and Brotzman decided to go forward with the marriage. Appellant was then fired from her teaching position on December 14, 2001. She was replaced by the 23–year–old daughter of the assistant principal of the school.

{¶ 6} Appellant's responsive motion argued that there were material facts in dispute as to whether appellee's stated reason for firing appellant was a pretext for unlawful age discrimination. Appellant also argued that appellee's motion failed to address the first, third, and fourth claims in the complaint and that the trial court should only have ruled on a partial motion for summary judgment dealing solely with the age-discrimination claim.

{¶ 7} On December 22, 2003, appellee filed a reply to appellant's motion in opposition to summary judgment. Appellee asserted that its motion for summary judgment attempted to address all claims in appellant's complaint. Appellee argued that the legitimate religious basis for firing appellant precluded the court from granting appellant any relief on her claims. Appellee also noted that appellant had not denied that her marriage was invalid under the teachings of the Roman Catholic Church and that this failure to deny constituted an admission of the fact for purposes of summary judgment. According to appellee, the alleged attempt that appellant made to comply with the marriage requirements of the church was irrelevant because, under church law, the marriage is de facto invalid. Appellee also argued that appellant was owed no money under her contract because she had breached the contract.

{¶ 8} On January 8, 2004, the trial court granted appellee's motion for summary judgment on all claims. This timely appeal was filed on February 5, 2004.

{¶ 9} Appellant's first assignment of error asserts:

{¶ 10} "The trial court erred in finding a breach of appellant's employment contract"

{¶ 11} The trial court's January 8, 2004 judgment entry found that appellant had entered into a marriage that was not recognized as valid under the doctrines of the Roman Catholic Church and, therefore, that appellant had violated her employment contract. This finding was made in the course of granting summary judgment to appellee. An appellate court reviews a trial court's decision to grant summary judgment on a de novo basis, without regard to the trial court's decision. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. De novo review means that the reviewing court is not required to give any weight or deference to the trial court's judgment. Any error that the trial court made in finding that appellant breached the employment contract is harmless error based on this court's de novo standard of review. Whether or not appellant breached the employment contract, though, is relevant as part of appellant's second assignment of error, which will be discussed below.

{¶ 12} Appellant's second assignment of error states:

{¶ 13} "The trial court abused it's [sic] discretion in granting appellee's rule 56 motion"

{¶ 14} Appellant contends that summary judgment should not have been granted on any of the claims in her complaint, much less on all claims, particularly since appellee did not request summary judgment on all the claims. As stated above, this court's standard of review of a trial court's decision granting summary is a de novo standard, which is the same standard used by the trial court. In accordance with Civ.R. 56, summary judgment is appropriate when "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.* (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292–293, 662 N.E.2d 264, 273–274." *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201.

{¶ 15} If the moving party meets its initial burden of production, the nonmoving party bears a reciprocal burden to produce evidence on any issue for which that party bears the burden of proof at trial. *Dresher*, 75 Ohio St.3d at 293, 662 N.E.2d 264.

{¶ 16} There are three main points that appellant attempts to make as part of this assignment of error. First, appellant contends that she did not breach the employment contract. Second, she argues that even if she did breach the contract, the breach does not extinguish her claim for age discrimination. And third, she asserts that even if she did breach the contract and even if the age-discrimination claim is not viable, the other claims in her complaint should not have been disposed of in summary judgment.

{¶ 17} It is clear from the record that appellant has not presented any evidence challenging appellee's assertion that she breached the employment contract. Appellee submitted an affidavit of Sister Mary Alyce Koval, which states that appellant was fired because she had entered into a marriage that was invalid under the teachings of the Roman Catholic Church. Appellant's response was to argue that the marriage would have been valid if her priest had done what he promised to do. Appellant's response was not a denial of Sister Koval's affidavit but, rather, an admission that the marriage was invalid according to the church, along with an excuse for the invalid marriage.

{¶ 18} Appellant's second argument involves the age-discrimination claim. A prima facie case of age discrimination is established when the plaintiff shows that she was a member of the statutorily protected class, that she was discharged, that she was qualified for the position, and that she was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, paragraph one of the syllabus. Once a prima facie case of age discrimination is established, the employer may overcome the presumption by coming forward with a legitimate, nondiscriminatory reason for the discharge. *Kohmescher v. Kroger Co.* (1991), 61 Ohio St.3d 501, 503, 575 N.E.2d 439. The plaintiff is then permitted to show that the stated reason is merely a pretext for unlawful discrimination. *Manofsky v. Goodyear Tire & Rubber Co.* (1990), 69 Ohio App.3d 663, 668, 591 N.E.2d 752.

{¶ 19} Appellee argued at the trial court level that the age-discrimination claim could not survive because it gave a legitimate reason for firing appellant. Appellee asserts that the reason for the firing was based on religious doctrine and that this religious doctrine could not be reviewed by a civil court. In this appeal, neither party gives us much insight into how we are supposed to review appellant's age-discrimination claim without also examining the validity or invalid-

ity of appellant's marriage under Roman Catholic teachings. Fortunately, this problem is not a matter of first impression in Ohio. The First District Court of Appeals has ruled on a very similar set of facts in *Basinger v. Pilarczyk* (1997), 125 Ohio App.3d 74, 707 N.E.2d 1149 (*"Basinger I"*). Although *Basinger I* involved a motion to dismiss rather than a motion for summary judgment, its analysis is equally applicable to the instant case.

{¶ 20} In *Basinger I*, the two plaintiffs were fired from their teaching positions at All Saints School, a parochial school under the jurisdiction of the Catholic Diocese of Cincinnati. The plaintiffs claimed that their employment was terminated because of age discrimination in violation of R.C. 4112.02(A) and 4112.14. The defendants asserted that the firing occurred because the plaintiffs had entered into a marriage that violated church doctrine and that their employment contract required, as a condition of employment, that the teachers abide by the tenets of the Roman Catholic faith.

{¶ 21} The *Basinger I* opinion examines whether the First Amendment allows a civil court to review the religious doctrines relating to the firing of a parochial school teacher. The First Amendment states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof * * *." This portion of the First Amendment has been generally interpreted to mean that courts are barred from inquiring into purely ecclesiastical questions and from resolving disputes over church doctrines and practices. *Presbyterian Church v. Mary Elizabeth Blue Hull Mem. Presbyterian Church* (1969), 393 U.S. 440, 447, 89 S.Ct. 601, 21 L.Ed.2d 658. If a court cannot resolve a dispute without extensive inquiry into religious laws and polity, the court must defer to the decisions of the highest ecclesiastical tribunal of the relevant religious institution. *Serbian E. Orthodox Diocese v. Milivojevich* (1976), 426 U.S. 696, 709, 96 S.Ct. 2372, 49 L.Ed.2d 151.

{¶ 22} *Basinger I*, though, held that the claim of age discrimination against the Catholic Diocese of Cincinnati did not involve an excessive entanglement of the court into religious doctrine. *Basinger I* held:

{¶ 23} "The First Amendment does not, however, preclude the trial court's limited inquiry into the second count of the complaint, which alleges that the doctrinal reason proffered by the appellees for the Basingers' termination was a mere pretext and that their firing was actually motivated by age discrimination. In so ruling, we are acutely mindful of the three-prong inquiry set forth in *Natl. Labor Relations Bd. v. Catholic Bishop of Chicago* (1979), 440 U.S. 490, 99 S.Ct. 1313, 59 L.Ed.2d 533, to determine impermissible entanglement between a secular law and a religious institution. However, if the allegations in the second count are presumed true, as is required under Civ.R. 12(B)(6), the Basingers have established a prima facie case of employment discrimination under *McDonnell*

*Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. See *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Although All Saints School has proffered a legitimate doctrinal reason for their termination, the Basingers are still entitled to an opportunity to demonstrate, as they allege, that the doctrinal reason proffered was not the real motivation behind their termination." Id., 125 Ohio App.3d at 76, 707 N.E.2d 1149.

{¶ 24} The three-pronged test that *Basinger I* refers to is undoubtedly the test first set forth in *Lemon v. Kurtzman* (1971), 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745, which held that a statute does not violate the Establishment Clause when (1) it has a secular legislative purpose, (2) its primary effect neither advances nor inhibits religion, and (3) it does not excessively entangle government with religion. Id. at 612–613, 91 S.Ct. 2105, 29 L.Ed.2d 745.

{¶ 25} After *Basinger I* remanded the case for further proceedings, the lower court granted summary judgment to the defendants. The case was appealed a second time in *Basinger v. Pilarczyk* (2000), 137 Ohio App.3d 325, 738 N.E.2d 814 (*"Basinger II"*). In *Basinger II*, the appellate court held, "The plaintiffs-appellants could refute the defendants-appellees' justification for their discharge by proving that (1) there was no basis in fact for the justification given, (2) the justification did not actually motivate the discharge, or (3) the justification was insufficient to motivate the discharge." Id. at 328–329, 738 N.E.2d 814. *Basinger II* ultimately concluded that the plaintiffs had not provided sufficient evidence that the reason for the firing was a pretext, and the trial court decision was affirmed.

{¶ 26} In the instant appeal, appellant has, for all intents and purposes, admitted that there was justification for the firing and that the justification was sufficient to motivate the discharge. The stated justification was the invalid marriage. According to her teaching contract, this reason was sufficient to justify terminating the employment contract. Thus, the only means for appellant to prove that her marriage was merely a pretext for her firing was to show that the marriage did not actually motivate the discharge. Appellant attempted to prove this by stating that the teacher who replaced her was only 23 years old and was the daughter of the assistant principal of the school. The fact that appellant's replacement was 23 years old is no more than a recitation of one of the facts appellant used to establish a prima facie case of age discrimination. The fact that the replacement was a blood relative of the assistant principal does not relate to the issue of age discrimination. It might be used as proof of nepotism or of some other type of favoritism, but it has no bearing on appellee's attitudes or motivations concerning the age of its employees. Thus, appellant has failed to produce sufficient evidence to support a claim of age discrimination. The trial court correctly granted summary judgment on this count.

{¶ 27} The final issue raised by appellant is that the trial court should not have granted summary judgment on the claims that were not addressed in appellee's motion for summary judgment. Appellant is incorrect that appellee intended only to ask for summary judgment on the contract claim and the age-discrimination claim. Appellee's supplemental filing on December 22, 2003, makes it clear that the motion for summary judgment was intended to cover all of appellant's claims.

{¶ 28} Appellee did not file any evidence to support summary judgment on the claim that appellant was owed back pay, pro rata pay, vacation and sick pay, and other compensation that had already accrued prior to the termination of her contract. Because appellee failed to produce any evidence on this issue, appellant was not required to respond with any evidence in rebuttal. Appellant's complaint states a viable cause of action for breach of contract for the value of compensation and benefits already accrued, and appellant should be permitted to litigate her claim. For this reason, we partially sustain appellant's second assignment of error.

{¶ 29} In contrast, appellant's claim of wrongful discharge in violation of public policy cannot survive summary judgment. An essential element of the tort is that the employee was an at-will employee. *Wiegerig v. Timken Co.* (2001), 144 Ohio App.3d 664, 674, 761 N.E.2d 118. Appellant's complaint is based on the premise that appellee and appellant had entered into an employment contract and that appellee breached that contract. Appellant's contract dictates the terms of her employment, rather than the common-law rules governing at-will employees. Therefore, appellant cannot establish one of the essential elements of the tort of wrongful discharge in violation of public policy, namely, that she was an at-will employee.

{¶ 30} Appellant's final claim of negligence creates a high probability of entanglement by this court into doctrinal disputes of the Roman Catholic Church because appellant appears to be asking this court to force appellee to grant her husband an annulment. In order to make such a ruling, this court would need to determine the current teachings of the Roman Catholic Church with respect to annulments, as well as rule on the efficacy of church practices regarding the granting of annulments. Based on the holdings of *Presbyterian Church v. Mary Elizabeth Blue Hull Mem. Presbyterian Church* and *Serbian E. Orthodox Diocese v. Milivojevich,* supra, we must refrain, on constitutional grounds, from addressing this issue. The trial court was therefore correct in granting summary judgment to appellee on this claim, because the trial court was incapable of granting the relief appellant sought.

{¶ 31} Based on the analysis above, the trial court was correct in granting summary judgment on all claims except for the limited breach-of-contract claims for compensation and benefits accrued prior to appellant's termination. The judgment of the Mahoning County Court of Common Pleas is reversed and remanded for this limited purpose.

Judgment affirmed in part
and reversed in part,
and cause remanded.

VUKOVICH and READER, JJ., concur.

READER, J., retired, of the Fifth District Court of Appeals, sitting by assignment.