OPINION
{¶ 1} On September 16, 2003, appellant, George Burrows, became employed with appellee, the Licking County Humane Society. In April of 2004, appellant was terminated for allegedly being intoxicated while at work. At the time of his firing, appellant was over age sixty.
 {¶ 2} On September 20, 2004, appellant filed a complaint against appellee, together with Homeward Bound Humane Society, Board President Penny Gregorich and Board Member Robert Wirick. The latter two were sued in their official and personal capacities. Appellant claimed in pertinent part age discrimination, disability discrimination and wrongful discharge in violation of public policy.
 {¶ 3} On August 2, 2005, appellees filed a motion for summary judgment. By judgment entry filed October 11, 2005, the trial court granted the motion in favor of appellees.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S AGE DISCRIMINATION CLAIM BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THIS CLAIM."
 II {¶ 6} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY BASED UPON AGE DISCRIMINATION BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THIS CLAIM."
 III {¶ 7} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S DISABILITY DISCRIMINATION CLAIM BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THIS CLAIM."
 IV {¶ 8} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT ON APPELLANT'S WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY BASED UPON DISABILITY DISCRIMINATION BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTS CONCERNING THIS CLAIM."
 V {¶ 9} "THE TRIAL COURT ERRED WHEN IT GRANTED APPELLEES' MOTION FOR SUMMARY JUDGMENT WITH RESPECT TO THE PERSONAL LIABILITY OF APPELLEE GREGORICH AND APPELLEE WIRICK BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST CONCERNING THIS CLAIM."
 {¶ 10} Appellant claims the trial court erred in granting summary judgment to appellees. Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel.Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 11} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex.rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 I, II {¶ 13} Appellant's first two assignments of error challenge the trial court's determination that appellant's claims of age discrimination under R.C. 4112.02 and wrongful termination in violation of public policy based on age discrimination were without merit. We disagree.
 {¶ 14} R.C. 4112.02 governs unlawful discriminatory practices and states in pertinent part:
 {¶ 15} "It shall be an unlawful discriminatory practice:
 {¶ 16} "(A) For any employer, because of the race, color, religion, sex, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."
 {¶ 17} In order to establish a prima facie case of age discrimination in an employment discharge action, "a plaintiff-employee must demonstrate (1) that he or she was a member of the statutorily protected class, (2) that he or she was discharged, (3) that he or she was qualified for the position, and (4) that he or she was replaced by, or that the discharge permitted the retention of, a person not belonging to the protected class." Kohmescher v. Kroger Company (1991),61 Ohio St.3d 501, syllabus.
 {¶ 18} Defendant-employer may then overcome the presumption by advancing a legitimate, nondiscriminatory reason for the discharge. Potts v. Catholic Diocese of Youngstown,159 Ohio App.3d 315, 2004-Ohio-6816. Finally, plaintiff-employee must be allowed to show the reason was merely a pretext for unlawful discrimination. Id.
 {¶ 19} Appellant claimed he was over the age of sixty when he was terminated, and he was replaced with a younger worker. In granting appellees' motion for summary judgment on these claims, the trial court based its decision on Krupar v. CentriaPartnership (August 31, 1999), Guernsey App. No. 98-CA-18, wherein this court found an age discrimination claim could not rest alone on the fact that a younger person was hired to replace the claimant. The trial court further determined the non-discriminatory reason for termination advanced by appellees overcame the presumption of age discrimination. Potts, supra.
 {¶ 20} We concur with the trial court's analysis on both issues for the following reasons. Appellant was hired when he was over the age of sixty, within the statutory protected class. Burrows depo. at 6, 9. Appellees' decision to terminate appellant was undisputed. Appellees stated the reason was due to appellant's intoxication while at work and the possible threat to others. Although appellant disputes this reason, he never cooperated with the investigation of the charge. Burrow depo. at 28; Gregorich depo. at 22. A witness, Jean Ross, specifically stated appellant was intoxicated while at work. Gregorich depo. at 17. This statement, coupled with appellant's uncooperative behavior, led appellee Board to terminate appellant. Gregorich depo. at 24-25. Appellant testified he believed he was terminated because appellee Board accepted appellee Gregorich's opinion that he was intoxicated. Burrows depo at 44-45.
 {¶ 21} We therefore conclude even if appellee Board was in error in believing appellee Gregorich's opinion, it made its decision on the issue of intoxication and not on the basis of age.
 {¶ 22} Assignment of Errors I and II are denied.
 III, IV {¶ 23} Appellant challenges the trial court's determination that appellant's claims of disability discrimination under R.C.4112.02 and wrongful termination in violation of public policy based on disability discrimination were without merit. We disagree.
 {¶ 24} In order to establish a prima facie case of disability discrimination in an employment discharge action, "the person seeking relief must demonstrate (1) that he or she was handicapped, (2) that an adverse employment action was taken by an employer, at least in part, because the individual was handicapped, and (3) that the person, though handicapped, can safely and substantially perform the essential functions of the job in question." Hood v. Diamond Products, 74 Ohio St.3d 298,1996-Ohio-259, syllabus.
 {¶ 25} Appellant based his disability claim on the fact that he was a recovering alcoholic. We find the trial court's analysis on these claims is correct for the following reasons.
 {¶ 26} The only facts appellant can point to to indicate appellees may have had knowledge of appellant's disability is that he had told some employees in confidence he was a recovering alcoholic, and Ms. Ross had referred to him as an "old drunk." Burrows depo. at 33, 35. Otherwise, appellant kept the information to himself and considered it a private matter. Burrows depo. at 34-35.
 {¶ 27} As the Sixth Circuit Court of Appeals has pointed out in Martin v. Barnesville Exempted Village School District Boardof Education (C.A.6, 2000), 209 F.3d 931, 934, "there is a distinction between taking an adverse job action for unacceptable misconduct and taking such action solely because of a disability, even if the misconduct is `caused' by the disability." The Americans with Disabilities Act protects recovering alcoholics, but "does not protect plaintiff from his own bad judgment in drinking on the job." Id. at 935.
 {¶ 28} No one disputes the fact that appellant was terminated because appellee Gregorich opined appellant had been drinking on the job. Wirick depo. at 20-21. Appellee Wirick testified he did not know appellant was a recovering alcoholic. Id. at 11. Although appellee Wirick could not make the judgment that appellant was intoxicated as it did not appear appellant had been drinking "at the moment that I saw him, he did not voice any objection to appellant's termination during the Board meeting. Wirick depo. at 13; Gregorich depo. at 26. Appellee Gregorich also testified she did not know appellant was a recovering alcoholic. Gregorich depo. at 28. She testified Ms. Ross complained to her that appellant appeared to be alcohol impaired. Id. at 17. Appellee Gregorich observed appellant, who appeared to be avoiding her, for one and one-half hours and concluded appellant was intoxicated and smelled of alcohol. Id. at 18-20, 27.
 {¶ 29} We find even if appellee Gregorich was incorrect in her assessment of appellant's condition, it was still accepted as true by the other Board members. Therefore, the decision to terminate appellant was not based upon his disability, but upon the belief of a witness that appellant was intoxicated while on the job.
 {¶ 30} We conclude the trial court's analysis was correct because appellees did not have any knowledge of appellant's disability and his termination was based upon his own actions on the job.
 {¶ 31} Assignment of Error III and IV are denied.
 V {¶ 32} Appellant claims the trial court erred in dismissing his claims against appellees Gregorich and Wirick. We disagree.
 {¶ 33} Based upon our own decisions in Assignments of Error I through IV, we find personal liability cannot be attributable to appellees' employees and Board members.
 {¶ 34} Assignment of Error V is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Farmer, J. Hoffman, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.