[Cite as *Ryncarz v. Belmont Cty. Court of Common Pleas, Juvenile Div.*, 2017-Ohio-4423.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BARBARA RYNCARZ | ) | CASE NO. 16 BE 0017 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BELMONT COUNTY COURT OF | ) | |
| COMMON PLEAS | ) | |
| JUVENILE COURT DIVISION | ) | |
| | ) | |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:        Civil Appeal from the Court of Common Pleas of Belmont County, Ohio Case No. 14 CV 0368

JUDGMENT:        Affirmed.

APPEARANCES:

For Plaintiff-Appellant:        Atty. David L. Delk, Jr.
Grove, Holmstrand & Delk, P.L.L.C.
44½ 15th Street
Wheeling, West Virginia  26003

For Defendant-Appellee:        Atty. Jeffrey A. Stankunas
Atty. Molly R. Gwin
Isaac, Wiles, Burkholder & Teetor, LLC
Two Miranova Place, Suite 700
Columbus, Ohio 43215-5098

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  June 19, 2017

WAITE, J.

**{¶1}** Appellant Barbara Ryncarz appeals the March 30, 2016, decision of the Belmont County Common Pleas Court to grant summary judgment in favor of Appellee, Belmont County Court of Common Pleas, Juvenile Division ("Juvenile Division"). Appellant initially contends that she presented a *prima facie* case of age discrimination. Appellant then argues that even if Appellee demonstrated a nondiscriminatory reason for her termination, she presented evidence that this reason was merely pretext. For the reasons that follow, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

**{¶2}** In 1985, Appellant began employment as a deputy clerk in the Juvenile Division of the Belmont County Common Pleas Court. Appellant was considered an unclassified, at-will employee. Sometime in 1998, Judge Mark Costine became judge of the Juvenile Division and Appellant's supervisor. At the beginning of Appellant's employment, no formal performance evaluation process existed. In 2009 a formal evaluation process was implemented and included semi-annual written evaluations.

**{¶3}** In January of 2009, Appellant received a written evaluation which contained "outstanding" marks. However, it was noted in this evaluation that her communication with her co-workers needed improvement. A year later, Appellant was promoted to Chief Deputy Clerk. She continued to receive outstanding remarks in her evaluations until her June 30, 2013 evaluation. Shortly thereafter, Appellant was given a verbal warning regarding her attitude towards the other staff members.

On November 15, 2013, Appellant received the following written warning from Judge Costine:

> Engaging in discriminatory harassment.  Ongoing passive aggressive behavior towards specific employees.  Continued lack of communication and inappropriate unprofessional communication and interaction or lack of interaction.  Problems with attitude, behavior, tone of voice, and overall demeanor towards others.  Issues in regards to ability to supervise and ongoing supervisory duties.

Judge Costine informed Appellant that her behavior provided grounds for termination, but he allowed her an opportunity to improve her performance.  According to Judge Costine's deposition, her attitude and behavior did not improve.  Consequently, on March 12, 2014, Judge Costine terminated Appellant during a private meeting.  On March 28, 2014, the judge sent her a certified letter confirming her termination.  At the time, Appellant was forty-seven years old and was approximately one year away from retirement eligibility.  Appellant was eventually replaced as Chief Deputy Clerk by Rebecca Gibson, who was sixty-three years old at the time.

{¶4}   On December 11, 2014, Appellant filed an age discrimination complaint against the Office of the Belmont County Auditor.  On January 5, 2015, Appellant filed an amended complaint to add the Juvenile Division as the proper party and remove the auditor's office.  Appellee filed a motion for summary judgment on January 7, 2016.  The trial court granted Appellee's motion on the basis that

Appellant failed to establish a *prima facie* case of age discrimination. This timely appeal followed.

<u>Summary Judgment</u>

**{¶5}** An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist. 1995).

**{¶6}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly

supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

{¶7} The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRER [SIC] BY GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IN RULING THAT APPELLANT CANNOT ESTABLISH A PRIMA FACIE CASE FOR AGE DISCRIMINATION.

{¶8} To successfully assert an age discrimination action, pursuant to R.C. 4112.14, a plaintiff must establish a *prima facie* case by showing "that she was a member of the statutorily protected class, that she was discharged, that she was qualified for the position, and that she was replaced by, or the discharge permitted the retention of, a person of substantially younger age." *Potts v. Catholic Diocese of Youngstown,* 159 Ohio App.3d 315, 2004-Ohio-6816, 823 N.E.2d 917, ¶ 18 (7th

Dist.), citing *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, paragraph one of the syllabus.

**{¶9}** If a plaintiff provides evidence of these four elements and establishes a *prima facie* case of age discrimination, the employer may raise a legitimate, nondiscriminatory reason for the discharge. *Potts,* citing *Kohmescher v. Kroger Co.*, 61 Ohio St.3d 501, 503, 575 N.E.2d 439 (1991). The plaintiff must then show that the employer's stated reason is merely a pretext for unlawful discrimination. *Potts,* citing *Manofsky v. Goodyear Tire & Rubber Co.*, 69 Ohio App.3d 663, 668, 591 N.E.2d 752 (9th Dist.1990).

**{¶10}** Appellant contends that she established a *prima facie* case of age discrimination. Appellant points out that the first three elements are uncontested. As to the fourth element, whether she was replaced by a person of substantially younger age, Appellant argues that her termination allowed Appellee to hire two people of a substantially younger age. Because she believes she successfully pleaded a *prima facie* case, Appellant argues that she established Appellee's stated reason for her termination was merely pretext. Appellant cites her exemplary informal and formal evaluations as evidence.

**{¶11}** Appellee responds by arguing that Appellant's replacement was sixty-three years old, sixteen years older than Appellant, when she was promoted to replace Appellant. Hence, Appellant fails to show her termination allowed them to hire or retain a person of a substantially younger age. Since Appellant fails to establish all of the required elements, she has failed to establish a *prima facie* case

of age discrimination. Appellee contends that even if Appellant had met the necessary burden, Appellee has presented a legitimate, nondiscriminatory reason for Appellant's termination: Appellant's poor attitude towards her employer, co-workers, and the public.

**{¶12}** The threshold matter here is whether Appellant established that she was replaced by a person of a substantially younger age. In order to meet her burden, Appellant is required to provide proof of this element of her claim. The Ohio Supreme Court has stated that, "[t]he term 'substantially younger' as applied to age discrimination in employment cases defies an absolute definition and is best determined after considering the particular circumstances of each case." *Coryell, supra,* at paragraph two of the syllabus.

**{¶13}** "A person is replaced only when another employee is hired or reassigned to perform his duties. An employee is not considered replaced 'when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.' " *Goodyear v. Waco Holdings, Inc.,* 8th Dist. No. 91432, 2009-Ohio-619, ¶ 35, citing *Cassel v. Schuster Electronics, Inc.*, 159 Ohio App.3d 224, 2004-Ohio-6276, 823 N.E.2d 519 (9th Dist.).

**{¶14}** At deposition in this matter, Appellant stated that she did not know who replaced her in her position. (6/30/15 Ryncarz Depo., p. 38.) Appellant testified that it was her belief that her termination was age related based on Judge Costine's

knowledge of her impending retirement, but she admitted that she had no evidence that she was replaced by someone younger. (*Id.* at p. 39.)

**{¶15}** Judge Costine testified in his deposition that the court administrator, Jennifer Shunk, fulfilled Appellant's duties until Rebecca Gibson was promoted to Chief Deputy Clerk approximately four to six months later. According to Judge Costine's affidavit, Gibson was sixty-three years old at the time she was promoted to Appellant's former position. (12/7/15 Costine Affidavit.) Judge Costine's remaining deputy clerks were: Barb Gillespie, who was hired prior to 1998; Linda Timko, hired several months after Appellant was terminated but who was in her mid-50s; Amber Sikora, hired approximately one year after Appellant was terminated and who was in her early 30s; and Cheri Westlake, hired six months after Appellant was terminated and who was in her mid-to late-50s at the time. The court also employed two truant officers who perform some duties of the deputy clerk. These employees are not considered replacements because most of their job entails very different duties. See *Goodyear, supra.*

**{¶16}** Based on Judge Costine's unrebutted testimony, both in his deposition and affidavit, Appellant's replacement was in her sixties at the time she was promoted to fill Appellant's position. Further, of the four the employees hired after Appellant was terminated, Timko and Westlake are older than Appellant, Mueller is a truant officer, and Sikora was hired approximately a year after Appellant was terminated to replace another deputy clerk, Crystal Johnson. Appellant failed to present any evidence to show that she had been replaced by a person of

substantially younger age. In fact, she admitted that she had no such evidence. Hence, she failed to establish a *prima facie* case of age discrimination.

{¶17} Even if Appellant had been able to show that she had been replaced by a substantially younger person, she fails to demonstrate pretext. Appellee's stated reason for her termination was her poor attitude towards her employer, co-workers, and the general public. Appellee presented written performance evaluations from 2009 until Appellant's termination which gave her positive reviews on work performance but consistently noted that she needed to work on her communication issues with her co-workers. Judge Costine testified in his deposition regarding Appellant's ongoing and escalating problems with her co-workers. Finally, Appellee presented documents of various incidents involving Appellant and other staff and her written reprimand, which she refused to sign. The sole evidence presented by Appellant to show pretext is Judge Costine's knowledge of her impending eligibility for retirement. Appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.

### Conclusion

{¶18} Appellant contends that she presented a *prima facie* case of age discrimination. This record demonstrates that Appellant failed to present any evidence that she was replaced by a substantially younger person. As such, she failed to establish a *prima facie* case of age discrimination. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Robb, P.J., concurs.