OAK HILL INVESTMENT COMPANY, Appellant and Cross–Appellee,

v.

JABLONSKI, Appellee and Cross–Appellant.

[Cite as *Oak Hill Investment Co. v. Jablonski* (1992), 78 Ohio App.3d 643.]

Court of Appeals of Ohio,
Lucas County.

No. L–90–402.

Decided March 13, 1992.

644

*Jack J. Brady,* for appellant and cross-appellee.

*Philip C. Scharfy,* for appellee and cross-appellant.

*Per Curiam.*

This case is before us on appeal and cross-appeal from a judgment of the Toledo Municipal Court after a bench trial. Plaintiff-appellant/cross-appellee ("appellant"), Oak Hill Investment Company, raises the following assignment of error:

"The trial court erred in finding that Oak Hill's conduct constituted common law libel."

Defendant-appellee/cross-appellant ("appellee"), Michael Jablonski, raises four additional assignments of error:

"I. The Court erred in finding that Oak Hill had proven damages of $371.93.

"II. The Court erred in not granting Defendant double damages plus attorney fees pursuant to Ohio Revised Code Section 5321.16.

"III. The Court erred in dismissing the Defendant's fraud claim.

"IV. The Court erred in dismissing Defendant's Counterclaim under Ohio Revised Code Section 1345.01 et seq. on the basis that Defendant is not a consumer and that Section 1345.01 et seq. is not applied to real estate leases."

The relevant facts of this case are as follows. On April 1, 1983, Jablonski, as lessee, entered into a rental agreement with Oak Hill, as lessor, for the lease of apartment number 219 located at 2423 South Holland–Sylvania Road in Toledo, Ohio. The term of the lease was twelve months, and Jablonski remitted a security deposit of $170 upon signing the agreement. Jablonski lived in the apartment for the term of the lease and thereafter as a month-to-month tenant.

Jablonski gave notice to Oak Hill management before January 1, 1987 that he would be vacating the apartment as of February 2, 1987. Before Jablonski

vacated the apartment, an Oak Hill employee inspected the apartment and determined that it required further cleaning. Jablonski nevertheless vacated the apartment, and on February 17, 1987 Oak Hill sent him a letter in which it listed charges which it had deducted from his security deposit. The charges exceeded the security deposit by $633. Moreover, the letter stated:

"Please call our office *immediately* to make arrangements for payment on this account. This has already been turned over to the Credit Bureau of Toledo. If we do not hear from you within ten (10) days this account will be turned over to our attorney." (Emphasis added.)

Prior to sending this letter, Oak Hill had never notified Jablonski of any amount it claimed it was owed.

Before he had received the above-quoted letter, and after he had vacated apartment number 219, Jablonski applied for a boat loan at the Toledo Trust Bank. On February 19, 1987, the bank informed Jablonski that it was denying his application for a boat loan because of a poor credit report. Thereafter, Jablonski obtained a copy of his credit report which indicated that he owed Oak Hill $633. Moreover, the alleged debt was listed by the credit bureau as a "9," which is defined on the report as "bad debt, placed for collection suit, judgment bankrupt; skip." At the trial below, Hal Gearig, the bank officer who denied Jablonski's loan application, testified that a "9" was the worst possible rating and that Jablonski's credit report was the only reason why the bank had rejected his loan application. Jablonski thereafter was able to have Oak Hill's claim listed as a disputed debt.

On March 17, 1987, Oak Hill filed a complaint against Jablonski alleging that Jablonski owed Oak Hill $633 for damages, cleaning charges, unpaid rent and late fees. Oak Hill subsequently amended the complaint and increased the amount claimed to $719.72. Jablonski filed an answer specifically denying the allegations in the complaint and filed a counterclaim. Jablonski's counterclaim set forth allegations that Oak Hill had violated R.C. 1345.02, the Ohio Consumer Sales Practices Act; Section 1692, Title 15, U.S.Code, the Federal Fair Debt Collection Practices Act; and R.C. 5321.16 (Count 1); and that Oak Hill was negligent in failing to keep the apartment complex safe from theft (Count 2), and Oak Hill had engaged in common-law fraud (Count 3).

The case proceeded to a trial to the court on February 23 and 24, 1989. At the conclusion of the trial, the court asked the parties for post-trial briefs and took the matter under advisement. On September 22, 1989, the court filed its opinion and order. As to Oak Hill's claim for damages, the court held that while Oak Hill had suffered some damages, $719.72 was excessive. The court therefore awarded Oak Hill $371.93, less Jablonski's deposit of $170, for a total of $201.93. On Jablonski's counterclaims, the court dismissed the

negligence claim for lack of evidence and dismissed the fraud claim for failure to plead fraud with particularity as required by Civ.R. 9. The court further dismissed Jablonski's counterclaims for violations of the Federal Fair Debt Collection Practices Act, Section 1692, Title 15, U.S.Code, and the Ohio Consumer Sales Practices Act, R.C. 1345.12. The court, however, then found that Jablonski had set forth a claim for libel and found Oak Hill guilty of common-law libel. For damages, the court awarded Jablonski $500 as a result of Oak Hill's libel, and $2,000 in punitive damages.

Both parties appealed the trial court's judgment. However, on September 26, 1990, we dismissed the appeals for lack of a final appealable order, for the trial court had failed to dispose of Jablonski's counterclaim based on R.C. 5321.16(B). In a supplemental opinion and order, the trial court ruled that Jablonski's claim under R.C. 5321.16(B) must fail because Oak Hill had not violated that provision. Again, both parties filed notices of appeal bringing this action before this court.

■ In its sole assignment of error, Oak Hill contends that the trial court erred in finding it guilty of common-law libel. For the following reasons, we agree.

In his counterclaim, Jablonski alleged that Oak Hill notified the Credit Bureau of Toledo that he was past due on his account to it in the amount of $633 and that said notification was made without allowing Jablonski to either contest or pay the amount claimed. Jablonski then alleged:

"Said aforementioned actions by Plaintiff Oak Hill Investment Company were made with malicious and/or negligent disregard for the truth and were made for the purpose of harassing, abusing and oppressing Defendant; said notice also failed to advise Defendant that he could dispute said claim."

In its opinion and order, the trial court concluded that Jablonski set forth a counterclaim for libel by alleging that Oak Hill had sent notice to the credit bureau that Jablonski was a "deadbeat." It is important to note, however, that nowhere did Oak Hill ever refer to Jablonski as a "deadbeat." That term was only used by the trial court during the trial and in its opinion. Further, during the trial and in his post-trial brief, Jablonski never made any arguments relating to a libel claim. Specifically, in his post-trial brief, Jablonski stated:

"This matter came on for trial before the Court on Plaintiff's Complaint * * * and Defendant's Counterclaim based on Plaintiff's alleged violations of 15 USC 1592 et seq., Ohio Revised Code Section 1345.02, Ohio Revised Code Section 5321.16(B) (Count One), damages to the Defendant's vehicle caused by Plaintiff's failure to provide adequate security (Count Two—no evidence

adduced at trial and Defendant therefore will not argue on Count Two, as it was not proven) and common law fraud (Count Three)."

Accordingly, Jablonski never even asserted that he had a claim for libel.

 Claims for libel and slander are governed by R.C. Chapter 2739. R.C. 2739.01 states in pertinent part:

"In an action for a libel or slander, it is sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff."

Moreover, in Ohio, "libel" is defined as a false and malicious publication against an individual which " * * * reflects upon the character of the person by bringing him into ridicule, hatred or contempt, or affects him injuriously in his trade or profession." *Sheppard v. Stevenson* (1964), 1 Ohio App.2d 6, 30 O.O.2d 51, 203 N.E.2d 507, paragraph one of the syllabus. There appears to be no Ohio case law on the issue of libel as it relates to the reporting of a debt to a credit agency. However, in the Indiana appellate court decision of *Patton v. Jacobs* (1948), 118 Ind.App. 358, 78 N.E.2d 789, the court concluded:

" ' * * * a writing containing the mere statement that a person who is not a trader or merchant, or engaged in any vocation wherein credit is necessary for the proper and effectual conduct of his business, owes a debt and refuses to pay, or owes a debt which is long past due, is not libelous per se and does not render the author or publisher of such statement liable without proof of special damages.' " (Citation omitted.) *Id.* at 363, 78 N.E.2d at 790–791.

Jablonski did argue that as a result of Oak Hill's actions, he was unable to purchase a particular boat. Although Jablonski was later able to purchase a different boat, he claimed that he lost the benefit of his original bargain and should be compensated appropriately. While this is an allegation of special damages, the trial court specifically rejected this argument. Accordingly, under the holding in *Patton v. Jacobs,* we conclude that Jablonski did not present a claim against Oak Hill for libel, and the trial court erred in finding that Oak Hill was guilty of libel. Moreover, because punitive damages cannot be awarded absent proof of actual damages, see *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 82, 10 OBR 408, 412, 461 N.E.2d 1273, 1278, the court further erred in awarding Jablonski punitive damages.

Oak Hill's sole assignment of error is therefore well taken.

 In his first assignment of error Jablonski essentially argues that the trial court's damages award of $371.93 to Oak Hill was against the manifest weight of the evidence.

 An award of damages may be reversed as against the manifest weight of the evidence where there is no competent, credible evidence to

support the award. *Seasons Coal Co. v. Cleveland, supra,* at 82, 10 OBR at 412, 461 N.E.2d at 1278. Furthermore, the weight to be given the evidence and the credibility of witnesses are issues left to the sound discretion of the trier of fact, whose findings are presumptively valid. *Id.* at 80, 10 OBR at 410, 461 N.E.2d at 1276. The court of appeals, therefore, cannot reverse a trial court's award of damages on the ground that it has a difference of opinion as to the weight and credibility to be given the evidence. *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 254, 518 N.E.2d 18, 21.

■ Where damages to an item in a rental unit are total, the proper measure of compensatory damages is the value of the item immediately before the damage done. See *Northwestern Ohio Natural Gas Co. v. First Congregational Church of Toledo* (1933), 126 Ohio St. 140, 184 N.E. 512; see, also, *Stony Ridge Assn. v. Auerbach* (1979), 64 Ohio App.2d 40, 18 O.O.3d 26, 410 N.E.2d 782.

In its opinion and order, the trial court awarded Oak Hill $100 for injury done to the carpet by Jablonski. The testimony before the trial court revealed that when Jablonski vacated apartment number 219, the carpet was approximately nine years old. However, because of Jablonski's practice of keeping bees in the apartment, the carpet had become saturated with honey and was damaged beyond repair. Oak Hill, therefore, replaced the carpet at a cost of $455 and included this as a charge against Jablonski's security deposit. In its opinion, the trial court concluded that the value of the carpet, prior to the damage done by Jablonski, was marginal at best given nine years of ordinary wear and tear. The court then awarded Oak Hill $100 toward the value of the carpeting.

Given the above, we conclude that the evidence supported a finding that the value of the carpet prior to the damage done by Jablonski was marginal at best, and did support an award of $100 to Oak Hill.

In addition to the $100 award, the court awarded Oak Hill $271.93 for minor damages, not related to ordinary wear and tear, and late charges Jablonski owed Oak Hill. In its order, the court specified that the minor damages were for damages to the drip pans in the stove, the exterior door jamb, three kitchen drawers, cleaning of wall plugs, paneling and bathroom, and spraying for bugs. At the trial, however, Oak Hill presented the testimony of Katheryn M. Casebere, the property manager for Oak Hill, who testified as to the costs of the above. She further testified regarding the readjusted itemization that was sent by Oak Hill to Jablonski, after repairs to the apartment were made. The evidence revealed the following costs of the above:

| | |
|---|---|
| Drip pans | $ 8.00 |
| Exterior Door Jamb | 54.50 |
| Kitchen Drawers | 62.55 |
| Cleaning | 60.00 |
| Spraying for Bugs | 15.00 |
| Late Fees | 15.00 |
| TOTAL | $215.05 |

This evidence was uncontradicted. Accordingly, the trial court's award of $271.93 was not supported by the weight of the evidence. Rather, the evidence supports an award of $100 for the carpet plus $215.05 for other damages to be awarded to Oak Hill, minus a setoff of $170 for Jablonski's security deposit, for a total of $145.05.

Jablonski's first assignment of error is therefore well taken in part.

█ In his second assignment of error, Jablonski contends that the trial court erred in failing to award him double damages plus attorney fees pursuant to R.C. 5321.16. R.C. 5321.16(C) provides that where a landlord wrongfully withholds a tenant's security deposit, the landlord is liable to the tenant for double the amount wrongfully withheld plus reasonable attorney fees. Given our ruling on Jablonski's first assignment of error, it is clear that Oak Hill properly withheld the $170 security deposit, and Jablonski is not entitled to damages under R.C. 5321.16(C).

Jablonski's second assignment of error is therefore not well taken.

█ In his third assignment of error, Jablonski contends that the trial court erred in dismissing his claim for fraud. In count three of his counterclaim, paragraph eighteen, Jablonski alleges that " * * * Plaintiffs' [sic] aforementioned complained of actions amount to fraud." In the trial court's opinion and order, the court determined that Jablonski had not pled fraud with any particularity as to time, place, etc., and therefore dismissed this claim. Jablonski now states that paragraphs ten, eleven, twelve, thirteen, fourteen and eighteen of his counterclaim pled constructive fraud with the requisite particularity. A review of these paragraphs reveals that Jablonski alleged that prior to January 1, 1987 he gave notice to Oak Hill that he would be ending his lease and vacating his apartment by February 2, 1987; that he did in fact vacate the apartment by February 2, 1987 and turned in his keys; that between February 2 and 17, 1987, Oak Hill notified the Credit Bureau of Toledo that he was past due in his account by $633 for alleged damages; that the report was made by telephone and/or letter without allowing him to contest or pay the claim; that Oak Hill sent him a letter on February 17, 1987 demanding $633 on account of purported damages; that Oak Hill wrongfully withheld his security deposit; that these actions were made with malice and/or negligent disregard to the truth and were made to harass, abuse, and

oppress him; that said letter failed to advise him that he could dispute the claim; and that these actions amounted to fraud.

It is well settled that in bringing an action for fraud, five elements must be alleged in the complaint:

" * * * (1) a false representation; (2) knowledge by the person making the representation that it is false; (3) the intent by the person making the representation to induce the other to rely on that representation; (4) rightful reliance by the other to his detriment; (5) an injury as a result of the reliance." *Korodi v. Minot* (1987), 40 Ohio App.3d 1, 3, 531 N.E.2d 318, 321.

Upon reviewing Jablonski's counterclaim, it is clear that he failed to adequately plead fraud. Specifically, he failed to plead that he relied to his detriment on representations of Oak Hill. Even in cases recognizing a claim for constructive fraud, detrimental reliance must be alleged and proven. See *Hanes v. Giambrone* (1984), 14 Ohio App.3d 400, 14 OBR 518, 471 N.E.2d 801.

Accordingly, Jablonski's third assignment of error is not well taken.

In his fourth and final assignment of error, Jablonski contends that the trial court erred in dismissing his counterclaim for violations of the Ohio Consumer Sales Practices Act, R.C. 1345.01 *et seq.*

R.C. 1345.02(A) reads:

"No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

A "consumer transaction" is defined in R.C. 1345.01(A), which provides in relevant part:

"(A) 'Consumer transaction' means a sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things."

Jablonski asserts that the unfair or deceptive act of Oak Hill was in falsely reporting to a credit agency that the amount claimed was a bad debt.

Upon a review of R.C. 1345.01 *et seq.*, and the cases interpreting the Act, we cannot find, nor has appellee directed us to, any provision within the Act which covers the alleged conduct presented in this case. Oak Hill's reporting to a credit agency does not constitute a transfer of a good, service, franchise or intangible, for purposes that are primarily personal, family or household. Accordingly, we conclude that R.C. 1345.01 *et seq.* does not apply to the

alleged conduct, and the trial court did not err in dismissing Jablonski's counterclaim for a violation of R.C. 1345.02(A).

Jablonski's fourth assignment of error is therefore not well taken.

On consideration whereof, the court finds that substantial justice has not been done the parties complaining, and the judgment of the Toledo Municipal Court finding appellant Oak Hill guilty of libel is reversed. The award of punitive damages to Jablonski is also reversed. This cause is remanded for a modification of the damages awarded to Oak Hill to an amount consistent with this decision. Costs of this appeal are to be shared equally between the parties.

*Judgment accordingly.*

GLASSER, ABOOD and SHERCK, JJ., concur.