[Cite as *Robinson v. Vanex Tube Corp.*, 2016-Ohio-268.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JOHN W. ROBINSON, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellants, | : | |
| - vs - | : | **CASE NO. 2014-T-0087** |
| VANEX TUBE CORPORATION, | : | |
| Defendant-Appellee. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2013 CV 00772.

Judgment: Affirmed in part; reversed in part and remanded.

Raymond J. Masek, 183 West Market Street, Suite 300, Warren, OH 44481-1022 (For Plaintiffs-Appellants).

*Brendan J. Keating*, Guarnieri & Secrest, P.L.L., 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Defendant-Appellee).

THOMAS R. WRIGHT, J.

{¶1} This is from a final order in a civil case before the Trumbull County Court of Common Pleas. The trial court dismissed one claim under Civ.R. 12(B)(6) and granted summary judgment on two other claims. Focusing upon the summary judgment ruling, appellants, John Robinson and Richard Limber, maintain that the court erred in entering judgment against them on their age discrimination claims because there was conflicting evidence concerning whether appellees, Vanex Tubing Corporation and VTC

Services, Inc., rehired a younger person to do the same jobs they performed before being laid off. For the following reasons, the summary judgment ruling on the age discrimination claims was proper, but dismissal of Robinson's constructive fraud claim was not.

{¶2} Vanex is a manufacturer of steel tubing, with its principal place of business in Niles, Ohio. In addition to owning shares in Vanex, James Griffin is also the human resources director of the company. Separate from Vanex, Griffin is the sole owner of VTC Services, engaged in the business of hiring employees who then perform work for Vanex. While VTC Services does not provide workers to any other company, Vanex still hires some of its employees directly.

{¶3} John Robinson was employed by Vanex for fifteen years. Near the end of his employment, Robinson worked as a facing machine operator. In contrast, even though Richard Limber was also a facing machine operator at Vanex, he was employed by VTC Services during his entire seventeen-year tenure. Neither had an employment contract, and neither was covered under a collective bargaining agreement. Both Robinson and Limber were employees-at-will.

{¶4} In the last few months of 2008, Vanex's business decreased. As a result, in January 2009, a number of Vanex and VTC Services employees were terminated using the "last hire-first fire" method. Over the next six months, Vanex did not see any improvement in sales. Thus, in July 2009, there were additional cuts in its workforce. This time, however, ties were severed with all facing machine operators.

{¶5} On July 23, 2009, both Robinson and Limber received written notice that they were being placed on "permanent lay-off." Both men were at least sixty-five years

old. A third facing machine operator, Tim Durr, then thirty-one years old, was also laid off.

**{¶6}** Nine months later, VTC Services rehired Durr who was then assigned to Vanex. Durr was the only facing machine operator to be recalled by either Vanex or VTC Services. Robinson and Limber were not recalled.

**{¶7}** In April 2013, Robinson brought the underlying action against Vanex only. In addition to alleging that his employment was unlawfully terminated as a result of his age, Robinson further asserted that Vanex perpetrated a constructive fraud.

**{¶8}** After Vanex filed its answer, Robinson moved to add Limber as a second plaintiff. In denying this motion, the trial court held that the addition of Limber would not be "just" because Vanex had already submitted a responsive pleading. In light of this, Limber instituted a separate case against Vanex. In addition to stating his own claim for age discrimination, Limber alleged that his termination resulted in the breach of express and implied representations made during the course of his employment.

**{¶9}** As the parties were engaging in discovery, Robinson moved the trial court to consolidate his case with Limber's for purposes of trying the two age discrimination claims together. In granting this motion, the trial court expressly limited its consolidation order to the "age discrimination matter." Nonetheless, the two cases were subsequently treated as if they had been consolidated for all purposes. For example, when Limber moved to add VTC Services as the second defendant in his case, the motion was filed under Robinson's case number, as was the court's judgment granting Limber's motion.

**{¶10}** After discovery was completed, Vanex and VTC Services filed a motion seeking either dismissal of Robinson's and Limber's age discrimination claims under

Civ.R. 12(B)(6) or summary judgment under Civ.R. 56(C). Under the dismissal aspect of the motion, they contended that the discrimination claims failed to state viable grounds for relief because Robinson's and Limber's complaints did not reference R.C. Chapter 4112. Under the summary judgment aspect, appellees maintained that the undisputed facts did not support a finding of age discrimination because Tim Durr was not rehired to do the same job that Robinson and Limber had performed prior to being laid off. Via affidavit, James Griffin, as human resources director for Vanex, averred that Durr was rehired to unload trucks, not as a facing machine operator.

{¶11} In response to appellees' motion, Robinson and Limber first asserted that both of their age discrimination claims would be going forward under R.C. 4112.14. As to the summary judgment aspect of the motion, Robinson and Limber challenged appellees' contention as to the nature of Tim Durr's job when he was rehired in March 2010. Attached to their response was an excerpt from John Robinson's deposition. According to the excerpt, Robinson testified that he spoke with Durr immediately after Durr was recalled to work, and Durr stated that he had been rehired as a facing machine operator.

{¶12} The trial court dismissed Robinson's constructive fraud claim on the grounds that it failed to state a viable claim for relief under Ohio law and granted summary judgment on both age discrimination claims. In concluding that there were no genuine issues of material fact remaining to be litigated, the trial court held that Robinson and Limber failed to present any evidence to rebut appellees' contention that Durr was not rehired to work as a facing machine operator.

{¶13} Robinson and Limber raise two assignments of error for review:

4

{¶14} "[1.] The trial court committed prejudicial error in dismissing all causes of action in the complaints of appellants when the only issue before the trial court pursuant to its order of consolidation dated November 27, 2013 was the age discrimination matter.

{¶15} "[2.] The trial court committed prejudicial error in its failure to consider termination by job classification as the controlling determinant in its holding that the human resource director for [Vanex] averred that thirty one (31) year old Mr. Durr was rehired to do 'truck unloading'."

{¶16} Under their first assignment, appellants contest the trial court's ruling dismissing Robinson's constructive fraud claim. According to them, the substance of the constructive fraud claim should not have been addressed because the two underlying cases were proceeding solely on the age discrimination claims. In support, appellants emphasize that the trial court's order to consolidate their cases was expressly limited to the two discrimination claims.

{¶17} Appellants' motion to consolidate was made pursuant to Civ.R. 42(A)(1), which allows a trial court to consolidate civil cases for hearing or trial when they involve common issues of law or fact. The rule further provides that a consolidation order can apply to all or some of the issues in the cases. Regarding the underlying cases, the trial court specifically limited its consolidation order to the two discrimination claims asserted in Robinson's and Limber's respective complaints. When the parties were prepared to place the age discrimination claims before the trial court for final determination, the two cases would go forward together.

{¶18} However, the trial court's consolidation order did not contain any language

5

staying the rest of Robinson's complaint, i.e., his constructive fraud claim, until after final disposition of the age discrimination claims. To this extent, the consolidation order did not prohibit appellees from filing a dispositive motion on the construction fraud claim.

{¶19} Yet, appellees' motion to dismiss and for summary judgment readily shows that they never sought dismissal of the constructive fraud claim. While appellees referenced Robinson's constructive fraud allegation in summarizing his complaint, no argument to dismiss that claim was presented. Instead, both aspects of appellees' motion pertained solely to the age discrimination claims. Therefore, in dismissing Robinson's constructive fraud claim, the trial court proceeded sua sponte.

{¶20} "In general, a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) only if the parties are given notice of the court's intention to dismiss and an opportunity to respond. *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 1995-Ohio-251, * * *. A trial court errs when it dismisses a complaint, sua sponte, without first notifying all parties of its intent. *Mayrides v. Franklin Cty. Prosecutor's Office* (1991), 71 Ohio App.3d 381, 384, * * *. The exception to this rule is where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. *State ex rel. Edwards*, 72 Ohio St.3d at 108.

{¶21} "A sua sponte dismissal without notice or an opportunity to respond is fundamentally unfair to litigants. *Mayrides*, 71 Ohio App.3d at 383. It places the court in the role of a proponent rather than an independent entity. Id. Sua sponte dismissals also prejudice [plaintiffs] as they deny any opportunity to respond to the alleged insufficiencies. Id. at 384." *Moore v. Houses on the Move, Inc.*, 177 Ohio App.3d 585, 2008-Ohio-3552, ¶12-13 (8th Dist.).

**{¶22}** As the trial court dismissed Robinson's claim without notice or affording him an opportunity to respond to any alleged pleading deficiencies, we cannot conclude from the allegations in the complaint that the frivolous exception applies, and appellant Robinson's first assignment has merit

**{¶23}** Under their second assignment, appellants challenge the trial court's ruling granting summary judgment on their age discrimination claims on the basis that appellants failed to demonstrate a genuine issue of fact.

**{¶24}** R.C. 4112.14(A) states:

**{¶25}** "(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

**{¶26}** Appellants had the initial burden of establishing a prima facie case of age discrimination. *Kowach v. Ohio Presbyterian Retirement Serv.*, 11th Dist. Trumbull No. 2010-T-0033, 2010-Ohio-4428, ¶23, citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) and *Barker v. Scovill, Inc.*, 6 Ohio St.3d 146 (1983). To carry the initial burden, the plaintiff-employee has a choice of demonstrating the age discrimination through either direct or indirect circumstantial evidence. *Id.* at ¶24. In our case, both appellants proceeded under the "indirect circumstantial evidence" method. In *Warden v. Ohio Dept. of Natural Resources*, 10th Dist. Franklin No. 13AP-137, 2014-Ohio-35, ¶29, this standard was summarized as follows:

**{¶27}** "'Absent direct evidence of age discrimination, a plaintiff may indirectly establish discriminatory intent using the analysis promulgated in *McDonnell Douglas*

7

*Corp.* * * *, as adopted by [the] Supreme Court of Ohio in *Barker* * * *, and modified In *Coryell v. Bank One Trust Co. N.A.*, 101 Ohio St.3d 175, 2004-Ohio-723, * * *.' *Mittler* [*v. OhioHealth Corp.*, 10th Dist. No. 12AP-119, 2013-Ohio-1634,] ¶19; * * *. First, the plaintiff must establish a prima facie case. *Dautartas v. Abbott Laboratories*, 10th Dist. No. 11AP-706, 2012-Ohio-1709, ¶26. To do so, the plaintiff must demonstrate by a preponderance of the evidence that he or she: (1) was a member of the statutorily protected class, (2) suffered an adverse employment action, e.g., was not hired for a position for which the employee applied, (3) was qualified for the position, and (4) the position was awarded to a person of substantially younger age. *Id.*, citing *Coryell* * * *, paragraph one of the syllabus, * * *."

**{¶28}** Appellees moved for summary judgment raising a lack of proof on the fourth element -- whether Robinson's or Limber's position as a facing machine operator had been given to a substantially younger individual. In relation to the fourth element, a claim fails absent proof that the replacement employee does the identical job as the terminated employee:

**{¶29}** "In a [reduction in workforce], the terminated employee must show that he was 'replaced' after his termination in order to establish a prima facie case of age discrimination. *Murphy v. East Akron Community House* (1989), 56 Ohio App.3d 54, 57, * * *. A person is replaced only when another employee is hired or reassigned to perform his duties. An employee is not considered replaced 'when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work.' *Barnes* [*v. GenCorp, Inc.* (C.A.6, 1990), 896 F.2d 1457,] 1465." *Cassel v. Schuster Electronics,*

*Inc.*, 159 Ohio App.3d 224, 2004-Ohio-6276, ¶22 (9th Dist.). *See, also, Lascu v. Apex Paper Box Co.*, 8th Dist. Cuyahoga No. 95091, 2011-Ohio-4407, ¶18.

**{¶30}** It is undisputed that Tim Durr was laid off at the same time as Robinson and Limber, and that Durr did the identical job as Robinson and Limber, i.e., facing machine operator, immediately prior to his release. It is also undisputed that Durr was recalled to work at Vanex nine months later. However, upon recall to work, Durr did not perform his prior job as a facing machine operator, but instead was hired to unload trucks. Therefore, pursuant to *Cassel*, Durr did not "replace" either Robinson or Limber.

**{¶31}** In attempting to create a factual dispute, appellants attached to their response brief a two-page excerpt from Robinson's deposition. Robinson testified that he spoke with Durr immediately after Durr started to work at Vanex again, and that Durr informed him that he was performing the job of a facing machine operator. However, this testimony constitutes inadmissible hearsay and accordingly cannot be used to create an issue of fact. *Mahvi v. Stanley Builders*, 11th Dist. Geauga No. 2004-G-2607, 2005-Ohio-6581, ¶30. Appellants' second assignment is overruled.

**{¶32}** Based on the foregoing, this matter is reversed and remanded as to the constructive fraud claim only.

TIMOTHY P. CANNON, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

_____

9

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion

**{¶33}** I respectfully dissent and would affirm the trial court's decision *in toto*.

**{¶34}** The majority reverses the dismissal of Robinson's constructive fraud claim on procedural/due process grounds: "appellees' motion to dismiss and for summary judgment readily shows that they never sought dismissal of the constructive fraud claim," and "no argument to dismiss that claim was presented." *Supra* at ¶ 19. The majority relies on authority that "a court may dismiss a complaint on its own motion pursuant to Civ.R. 12(B)(6) * * * only if the parties are given notice of the court's intention to dismiss and an opportunity to respond." *State ex rel. Edwards v. Toledo City School Dist. Bd. of Edn.*, 72 Ohio St.3d 106, 108, 647 N.E.2d 799 (1995). Since the constructive fraud claim was dismissed "without notice or affording [Robinson] an opportunity to respond to any alleged pleading deficiencies," the "matter is reversed and remanded as to the constructive fraud claim only." *Supra* at ¶ 22 and 32.

**{¶35}** The majority recognizes, however, that "[a] court may dismiss a complaint sua sponte and without notice when the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint." *Corrado v. Lowe*, 11th Dist. Geauga No. 2014-G-3239, 2015-Ohio-1993, ¶ 22, citing *State ex rel. Brooks v. O'Malley*, 117 Ohio St.3d 385, 2008-Ohio-1118, 884 N.E.2d 42, ¶ 5.

**{¶36}** In the present case, Robinson has failed to properly plead a claim for constructive fraud, resulting in the waiver of that claim. As he cannot prevail on the deficient facts alleged in the Complaint, this claim was properly subject to summary dismissal.

**{¶37}** Constructive fraud, as with other types of fraud, must be pled with particularity pursuant to Civil Rule 9(B): "In all averments of fraud or mistake, the

10

circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." *See*, *e.g.*, *Oak Hill Invest. Co. v. Jablonski*, 78 Ohio App.3d 643, 652, 605 N.E.2d 998 (6th Dist.1992). The failure to plead fraud with particularity results in a waiver of the claim. *Allied Erecting & Dismantling Co. v. Ohio Edison Co., Inc.*, 7th Dist. Mahoning No. 10-MA-25, 2011-Ohio-2627, ¶ 42.

{¶38} "Constructive fraud is defined as 'a breach of a legal or equitable duty, which, irrespective of moral guilt of the fraud feasor, the law declares fraudulent, because of its tendency to deceive others, to violate public or private confidence, or to injure public interests.'" (Citation omitted.) *Cohen v. Estate of Cohen*, 23 Ohio St.3d 90, 91, 491 N.E.2d 698 (1986). "Constructive fraud does not require proof of fraudulent intent." *Perlberg v. Perlberg*, 18 Ohio St.2d 55, 58, 247 N.E.2d 306 (1969). "An action for actual fraud is based on an affirmative misrepresentation whereas an action for constructive fraud results from the 'failure to disclose facts of a material nature where there exists a duty to speak.'" (Citation omitted.) *Baughman v. State Farm Mut. Auto. Ins. Co.*, 9th Dist. Summit No. 22204, 2005-Ohio-6980, ¶ 12. "Constructive fraud often exists where the parties to a contract have a special confidential or fiduciary relationship." *Cohen* at 92.

{¶39} With respect to constructive fraud, Robinson's Complaint avers:

15. The so-called "permanent layoff" with "final payment for (your) services" along with a mere statement that "layoffs were determined by job class" with no explanatory reason as requested constitute constructive fraud under Ohio law.

16. The constructive fraud alleged irrespective of moral guilt of the fraud feaser [sic] has a distinct tendency to deceive others, to violate public or private confidence or to injure public interest.

11

**{¶40}** With respect to constructive fraud, the Complaint fails to satisfy Civil Rule 9(B): it fails to allege reliance, injury, and any sort of fiduciary and/or confidential relationship. Therefore, dismissal without notice was appropriate since, pursuant to Civil Rule 9(B), "the claimant obviously cannot prevail on the facts alleged in the complaint." *Corrado*, 2015-Ohio-1993, at ¶ 22. Accordingly, I respectfully dissent.