[Cite as *In re W.M.*, 2017-Ohio-5639.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**GEAUGA COUNTY, OHIO**

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| W.M. AND G.M. | | |
| | : | |
| | | **CASE NO. 2016-G-0090** |
| | : | |

Appeal from the Geauga County Court of Common Pleas, Juvenile Division, Case No. 2012 JF 000158.

Judgment: Affirmed.

*Brian L. Bly* and *Dennis J. Ibold,* Petersen & Ibold, 401 South Street, Chardon, OH 44024 (For Appellants – Brittany Maloney and Stephanie Maloney).

*Tameiko Starr,* pro se, 1701 Dainesway Drive, Valparaiso, IN 46383 (Appellee).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellants, Brittany Maloney and Stephanie Maloney, appeal the judgment of the Geauga County Court of Common Pleas, Juvenile Division, denying their motion to intervene and for visitation with W.M. and G.M. in this closed dependency case. At issue is whether the trial court abused its discretion in denying the motion. For the reasons that follow, we affirm.

{¶2} On March 30, 2012, the Geauga County Department of Job and Family Services filed a complaint, alleging that W.M., then age seven (now age 11), and G.M., then age six (now age 10) ("the children"), were dependent. Mother had problems

taking care of herself and father had a history of drug abuse, domestic violence, child endangerment, and OVI. After the parties litigated the matter for one and one-half years, on September 25, 2013, the court entered judgment granting temporary custody to mother and visitation to father. On February 18, 2014, the court ordered that custody be granted to mother; father's visitation was suspended until he completed a drug use evaluation. Father eventually failed to appear and no longer participated in the proceedings. Thus, on August 20, 2014, the court ordered that this case be closed due to father's "unavailability."

{¶3}   In or about August 2014, mother and the children moved to Indiana where they have resided since.

{¶4}   Two years later, in 2016, appellants filed a complaint for companionship rights in Case No. 16 CU 000141, which the trial court dismissed for lack of standing.

{¶5}   Then, on August 1, 2016, appellant, Stephanie Maloney, father's ex-wife, who is not biologically related to the children, and appellant, Brittany Maloney, the adult daughter of Stephanie Maloney, filed a combined motion to intervene and for visitation of the children. Although appellants assert Brittany Maloney is the half-sister of the children, the trial court's entry directly refutes this because the court found that she "is not biologically related to the children." Moreover, there is nothing in the record that supports appellants' contention. In any event, our conclusion does not turn on this issue.

{¶6}   On the following day, August 2, 2016, the trial court issued a comprehensive, six-page judgment entry denying appellants' motion. Specifically, the court found that appellants failed to comply with the statutory requirements of Civ.R. 24

2

regarding intervention in that they failed to state any grounds for intervention and failed to file a pleading setting forth the claim or defense for which intervention was sought. The court also found that appellants failed to comply with the requirement in Civ.R. 24 that the motion to intervene be "timely" filed. With respect to "intervention of right" under Civ.R. 24(A), the court found that appellants failed to identify a statute that conferred on them an unconditional right to intervene and, alternatively, that appellants failed to claim an interest in the property or transaction at issue in the litigation. With respect to "permissive intervention" under Civ.R. 24(B), the court found that no statute conferred on appellants a conditional right to intervene and, alternatively, that appellants' claim did not have a question of law or fact in common with the dependency proceedings. The court also found that appellants' reliance on R.C. 3109.051(B) to confer standing to seek visitation was misplaced because, while they met the relationship requirement, they did not meet the additional requirement that the underlying case be a divorce, dissolution, legal separation, or child-support proceeding as this was a dependency case.

{¶7} Appellants appeal, asserting two assignments of error. For the first, they allege:

{¶8} "The trial court erred in immediately denying Appellants' motion to intervene due to alleged technical deficiencies."

{¶9} "When reviewing an order which denies a motion to intervene, the issue is whether the trial court abused its discretion." *In re Goff*, 11th Dist. Portage No. 2001-P-0144, 2003-Ohio-6768, ¶11. "To constitute an abuse of discretion, 'the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will,

3

but the perversity of will, not the exercise of judgment, but the defiance of judgment, not the exercise of reason but, instead, passion or bias.'" *Id.*, quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254, 256 (1996).

{¶10} Appellants argue the trial court's denial of their motion, sua sponte, violated the rule set forth in *Robinson v. Vanex Tube Corp.*, 11th Dist. Trumbull No. 2014-T-0087, 2016-Ohio-268, in which this court stated: "A trial court errs when it dismisses a complaint, sua sponte, without first notifying all parties of its intent." *Id.* at ¶20. However, appellants fail to mention the exception to this rule, which this court also set forth in *Robinson*, *supra*, as follows: "The exception to this rule is where the complaint is frivolous or *the claimant obviously cannot prevail on the facts alleged in the complaint.*" (Emphasis added.) *Id.,* citing *State ex rel. Edwards v. Toledo City School Dist. Bd. Of Edn*, 72 Ohio St.3d 106, 108 (1995). This court routinely dismisses cases, sua sponte, in such circumstances. *E.g., State ex rel. Hill v. Logan*, 11th Dist. Trumbull No. 2012-T-0046, 2012-Ohio-3120, ¶3-4.

{¶11} Here, the trial court implicitly found that appellants obviously could not prevail on their motion to intervene. In their motion, appellants argued why they had standing to seek visitation and why the court had jurisdiction, but did *not* present any argument why they had a right to intervene. Contrary to appellants' argument on appeal, the trial court did not deny their motion simply because they did not set forth enough details. Rather, appellants' motion obviously failed to comply with at least three mandatory requirements of Civ.R. 24. Civ.R. 24(C) provides, in pertinent part:

{¶12} A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. *The motion and any supporting memorandum shall state the grounds for intervention* and *shall be accompanied by a pleading*, as defined in Civ.R. 7(A),

4

setting forth the claim or defense for which intervention is sought. (Emphasis added.)

{¶13} Civ.R. 24(C) thus *mandates* that the motion to intervene and any supporting memorandum: (1) state the *grounds for intervention,* and (2) be accompanied by *a pleading*, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought.

{¶14} The Eighth District, in *Grove Court Condominium Unit Owners' Assn. v. Hartman*, 8th Dist. Cuyahoga No. 949910, 2011-Ohio-218, stated:

> {¶15} Civ.R. 24(C) mandates that the motion to intervene "shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought." Civ.R. 7(A) defines a pleading as a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or a third-party answer. No such pleading accompanied the motion to intervene filed by Wells Fargo.

> {¶16} The Ohio Supreme Court has repeatedly held that a motion to intervene is properly denied when the "motion is not accompanied by a pleading setting forth the claim or defense for which intervention is sought" as mandated by Civ.R. 24(C). *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶21; *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 144 (1995). Thus, *we do not find that the trial court erred in denying the motion on this ground.* (Emphasis added.) *Grove Court, supra*, at ¶19-20.

{¶17} Here, appellants failed to argue in their motion/memorandum whether or how any of the grounds for intervention in Civ.R. 24(A), "Intervention of right," or in Civ.R. 24(B), "Permissive intervention," as set forth below, supported their motion. Further, appellants failed to file with their motion a pleading setting forth a claim or defense.  Significantly, while the trial court denied the motion based in part on appellants' failure to file a pleading with their motion, appellants do not argue on appeal that this requirement does not apply to them or even mention this omission.  Due to

5

appellants' violation of these two mandatory requirements alone, the court did not abuse its discretion in denying appellants' motion to intervene.

{¶18} Further, Civ.R. 24 requires that the motion to intervene be timely filed. *Univ. Hosps. of Cleveland, Inc. v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, ¶47. Civ.R. 24 provides, in pertinent part:

> {¶19} (A) Intervention of right * * * *Upon timely application* anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action * * *.

> {¶20} (B) Permissive intervention * * * *Upon timely application* anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * (Emphasis added.)

{¶21} The Supreme Court of Ohio has stated that "[a] trial court's decision on the timeliness of a motion to intervene will not be reversed absent an abuse of discretion." *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998). Thus, the Court held that a trial court's decision as to the timeliness of a motion to intervene is reviewed under the abuse of discretion standard. *Id.* Further, the Supreme Court, in *Meagher, supra*, stated that whether a Civ.R. 24 motion to intervene is timely depends on the facts and circumstances of the case. *Id.* The factors to be considered in determining the timeliness of a motion to intervene include: (1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time before the application was filed during which the applicant knew or should have known of the pending suit; (4) the prejudice to the original parties caused

by the intervenor's failure to promptly apply for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Meagher, supra.*

{¶22} Applying the *Meagher* factors here, the trial court reasonably found that appellants' motion to intervene was untimely for the following reasons:

{¶23} First, as the trial court found, the dependency action had already proceeded to judgment in which the custody and visitation issues between the original parties had been resolved when appellants filed their motion to intervene. "Intervention after final judgment has been entered is unusual and ordinarily will not be granted." *Id.*

{¶24} Second, appellants, who are both adults, admitted in their motion that they watched the children for a "few months" in "early 2013," while the dependency action was pending, to avoid foster-care placement. The trial court found it "peculiar that, if intervention is indeed necessary to protect the Movants' interests, they would wait three years to attempt to intervene, once the merits of the dependency case had already been resolved." Thus, appellants knew or should have known of the pending dependency proceedings for three years before they filed their motion.

{¶25} Third, the trial court found that if appellants were permitted to intervene, it would unduly prejudice the original parties because they would be required "to relitigate matters involving custody and visitation." *Lynch*, *supra*, is pertinent here. In *Lynch*, the Ohio Supreme Court held that the attorney general's motion to intervene was untimely where two months had passed since the trial court issued its decision even though the attorney general acted promptly in filing the motion once she learned about the suit. The Court held the fact that "the original parties had fully litigated the relevant facts" supported the trial court's denial of the motion. *Id.* at ¶49.

**{¶26}** Fourth, appellants suggest the reason they waited so long to file their motion was that mother stopped their contact with the children when mother and the children moved to Indiana. However, mother and the children moved to Indiana when the case was closed in August 2014, and, thus, mother stopped appellants' contact with the children two years before appellants filed their motion to intervene. Thus, the trial court could properly find that mother's decision to stop contact with the children did not explain appellants' long delay in filing their motion.

**{¶27}** Based on the foregoing analysis, the trial court did not abuse its discretion in finding that appellants' motion to intervene was untimely.

**{¶28}** Further, appellants did not state in their motion for intervention whether they sought intervention as of right or permissive intervention. In order to seek intervention as of right, appellants would have had to allege a statute of this state conferred on them an unconditional right to intervene or appellants would have had to allege an interest relating to the property or transaction that is the subject of the action. Having done neither, they could not have been entitled to intervention as of right.

**{¶29}** Further, in order to seek permissive intervention, appellants would have had to allege a statute of this state conferred on them a conditional right to intervene or their claim or defense and the main action have a question of law or fact in common. Again, having done neither, appellants could not have been entitled to permissive intervention. However, giving appellants the benefit of the doubt, if we were to presume their motion sought permissive intervention, the standard of review would have been abuse of discretion.

8

{¶30} "Whether intervention is granted as of right or by permission, the standard of review is whether the trial court abused its discretion in allowing intervention." *State ex rel. Merrill v. Ohio Dept. of Natural Resources*, 130 Ohio St.3d 30, 2011-Ohio-4612, ¶41. Since the trial court set forth several cogent reasons in support of its judgment denying appellants' motion, its decision was not an abuse of discretion.

{¶31} For this additional reason, the trial court did not abuse its discretion in denying appellants' motion to intervene.

{¶32} Appellants' first assignment of error is overruled.

{¶33} For appellants' second assignment of error, they allege:

{¶34} "The trial court erred in denying appellants' motion for reasonable companionship or visitation rights pursuant to R.C. 2109.051, based on lack of standing."

{¶35} In view of our holding under the first assignment of error, the second assigned error is denied as moot.

{¶36} For the reasons stated in the opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Geauga County Court of Common Pleas, Juvenile Division, is overruled.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur in judgment only.