[Cite as *Cunningham v. Perry & Assocs.*, 2021-Ohio-4295.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

DEBRA CUNNINGHAM,

Plaintiff-Appellant,

v.

PERRY & ASSOCIATES, CPAs, A.C.,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0007

---

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 19 CV 302

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Carol Ann Robb, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Michael W. DeWitt,* DeWitt Law, LLC, 4200 Regent Street, Suite 200, Columbus, Ohio 43219, for Plaintiff-Appellant and

*Atty. Steven M. Loewengart,* Fisher & Phillips, LLP, 250 West Street, Suite 400, Columbus, Ohio 43215, and *Atty. Curtis G. Moore,* Fisher & Phillips, LLP, 227 West Trade Street, Suite 2020, Charlotte, North Carolina 28202, for Defendant-Appellee.

Dated: November 18, 2021

_____

**D'Apolito, J.**

**{¶1}** Appellant, Debra J. Cunningham, appeals from the January 7, 2021 judgment of the Belmont County Court of Common Pleas granting Appellee's, Perry & Associates, CPAs, A.C., motion for summary judgment following a hearing. On appeal, Appellant argues the trial court erred in granting Appellee's motion for summary judgment on her age discrimination claim. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

**{¶2}** Appellee is a West Virginia corporation which has locations in multiple states, including Ohio. Appellee is a full-service accounting firm providing tax, auditing, and business services to both private and government entities. Appellant is a female over the age of 40. Since 2003, Appellant has owned Evergreen Business Strategies, Inc. ("Evergreen") which specializes in assisting businesses in development, marketing, and other related areas.

**{¶3}** In February 2016, Appellee hired Evergreen and Appellant worked as a consultant on a contract basis. In May 2017, Appellee hired Appellant in a full-time management capacity as its Marketing Director. During her employment, Appellant was approximately 60 years old and was paid an annual salary of $48,000. Appellant reported directly to Jodey Altier ("Altier"), Appellee's owner, President, and Managing Partner.

**{¶4}** In August 2017, Appellant received a 90-day review and did not receive a raise. Appellant discussed the matter with Altier. At that time, Altier gave Appellant the choice of either an immediate $5,000 bonus or a $5,000 increase in her annual salary. Appellant chose the latter.

**{¶5}** In February 2018, Appellant claimed she received a pay stub via email, allegedly from the payroll department, indicating a bonus payment of $5,000. In June 2018, Altier performed a yearly review of Appellant and gave her a verbal rating. In December 2018, Appellant said she discovered that the $5,000 bonus had not been deposited into her bank account. Appellant discussed the matter with Scott Woods

("Woods"), Appellee's Business Director. Woods indicated the check stub was not from Appellee.

**{¶6}** Appellee subsequently decided to eliminate its Marketing Director position. On March 1, 2019, Appellee terminated Appellant's employment. According to Altier, Appellee eliminated the position because it determined that the cost of the Marketing Director's salary and benefits outweighed the marketing results Appellee realized during Appellant's employment. During this time-frame, Appellee's Cambridge, Ohio office was losing money. Appellee ended up outsourcing its digital and social media marketing and redistributing the remainder of Appellant's job functions among its existing employees.

**{¶7}** On August 5, 2019, Appellant filed a complaint against Appellee alleging gender and age discrimination under R.C. Chapter 4112.02 due to her employment being terminated.[1] Appellee filed an answer.

**{¶8}** On October 23, 2020, Appellee filed a motion for summary judgment. Appellant filed a response in opposition. Appellee filed a reply.

**{¶9}** Appellant testified during her deposition that she believed Appellee intended to hire Jason Rollins ("Rollins"), a male that was 20 years her junior, to perform some of the duties she performed, or to do something similar to what she did. Appellant later attempted to change her deposition testimony by submitting an affidavit averring that she was told that she would be replaced by Rollins.

**{¶10}** Rollins was never hired by Appellee for any position subsequent to Appellant's termination.[2] Rollins previously worked for Appellee from January 2018 to May 2018. Rollins left Appellee for a position at WesBanco almost one year before Appellee eliminated Appellant's position.

**{¶11}** Following a December 22, 2020 hearing, the trial court struck Appellant's affidavit from the record and from consideration because of the apparent contradiction

---

[1] On appeal, Appellant only challenges her age discrimination claim.

[2] Appellant concedes this point in her brief: ("[T]here is no dispute that Rollins was not ultimately hired.") (5/7/2021 Appellant's Brief, p. 8).

with her deposition testimony[3]; found there is no genuine issue of material fact; held that Appellant failed to prove a prima facie case of age discrimination; determined there was no pretextual reason for the termination; and concluded that Appellee is entitled to judgment as a matter of law.

{¶12} On January 7, 2021, the trial court filed an entry granting Appellee's motion for summary judgment and dismissed Appellant's claims with prejudice. Appellant filed a timely appeal and raises one assignment of error.

## ASSIGNMENT OF ERROR

**THE COMMON PLEAS COURT COMMITTED REVERSIBLE ERROR WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF PERRY & ASSOCIATES CPAS, A.C. ("PERRY") ON MS. CUNNINGHAM'S AGE DISCRIMINATION CLAIM UNDER R.C. 4112 (JANUARY 7, 2021 ORDER AND ENTRY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ("JANUARY 7TH ORDER"), P. 1).**

{¶13} In her sole assignment of error, Appellant argues the trial court erred in granting Appellee's motion for summary judgment.

An appellate court conducts a de novo review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, (3) it appears from the evidence that reasonable minds can

---

[3] Appellant did not appeal that judgment nor does she list the trial court's decision to strike her affidavit as an assignment of error or issue in this appeal. The trial court concluded from the evidence that Appellant's affidavit contradicted her former deposition testimony without sufficient explanation. *See Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 28 ("an affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat a motion for summary judgment.")

come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

"(T)he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293, 662 N.E.2d 264. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 386, 701 N.E.2d 1023 (8th Dist.1997).

The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327, 364 N.E.2d 267.

*Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 10-12.

**{¶14}** Appellant's argument involves an age discrimination claim under R.C. Chapter 4112. R.C. 4112.02, "Unlawful discriminatory practices," states in part:

It shall be an unlawful discriminatory practice:

Case No. 21 BE 0007

(A) For any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

R.C. 4112.02(A).

Under Ohio law, a plaintiff may make a prima facie case of age discrimination in one of two ways. First, a plaintiff may use direct evidence of age discrimination which tends to show by a preponderance that the employer was motivated by discriminatory intent in discharging the employee. *Mauzy v. Kelly Services, Inc.* (1996), 75 Ohio St.3d 578, 664 N.E.2d 1272. Second, a plaintiff may use indirect evidence by satisfying the four-part analysis provided by *Barker v. Scovill* (1983), 6 Ohio St.3d 146, 451 N.E.2d 807, which stems from the United States Supreme Court's decision in *McDonnell Douglas Corp. v. Green* (1973), 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668. A defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for the plaintiff's discharge. *Id.* Finally, the plaintiff must be allowed to show that the rationale set forth by the employer was only a pretext for unlawful discrimination. *Id.*

*Conway v. Paisley House*, 7th Dist. Mahoning No. 02CA135, 2003-Ohio-4609, ¶ 8.

{¶15} Appellant does not claim that there is direct evidence of age discrimination. In order to establish a prima facie case based on indirect evidence, the *Barker* analysis requires a plaintiff to show the following: (1) that she was a member of the statutorily protected class; (2) that she was discharged; (3) that she was qualified for the position; and (4) that she was replaced by, or the discharge permitted the retention of, a person of substantially younger age. *Barker, supra,* at paragraph one of the syllabus; *Potts v. Cath. Diocese of Youngstown*, 159 Ohio App.3d 315, 321, 2004-Ohio-6816, ¶ 18, 823 N.E.2d

917, 922 (7th Dist.2004), citing *Coryell v. Bank One Trust Co. N.A.,* 101 Ohio St.3d 175, 2004-Ohio-723, 803 N.E.2d 781, paragraph one of the syllabus.

{¶16} The record reveals Appellant is over 40 years old, her employment was terminated, and she was qualified for the position. Thus, Appellant meets the first three prongs under *Barker.* At issue here is the fourth prong, i.e., whether Appellant was replaced by, or the discharge permitted the retention of, a person of substantially younger age. The trial court, basing its decision that Appellant had not demonstrated a prima facie case of age and gender discrimination on its determination that she was not replaced, stated:

> Plaintiff has failed to set forth a genuine issue of material fact as to the fourth prong of her prima facie case – that she was replaced by a person not belonging to her protected classes. Defendant presented evidence in its MSJ, Reply in Support, and at oral argument, that it eliminated Plaintiff's Director of Marketing Position and that Plaintiff's former duties were spread among existing employees and/or were outsourced. * * * Plaintiff set forth no evidence to demonstrate that she was ever replaced by anyone – let alone Mr. Rollins. * * *
>
> Instead, Plaintiff attempts to generate an issue of fact by arguing that Jodey Altier, Defendant's President, told Plaintiff that Defendant intended to hire Jason Rollins to perform *some* of Plaintiff's former duties. Indeed, Plaintiff expressly denied during her deposition that Ms. Altier expressed an intention that Mr. Rollins would replace Plaintiff or perform all of Plaintiff's former duties. * * *
>
> Taking these facts in [a] light most favorable to Plaintiff, as this Court must do, Plaintiff still fails to demonstrate the fourth prong of her prima facie case because Plaintiff cannot demonstrate she was replaced by anyone. Indeed, she cannot even demonstrate an intention by Perry to replace her with anyone given that Plaintiff alleges Ms. Altier only ever expressed that Mr. Rollins might perform some of her former duties if he was ever rehired.* * *

As such, there is no genuine issue of material fact that Plaintiff has failed to demonstrate the fourth prong of her prima facie case of age and sex/gender discrimination. Therefore, Defendant is entitled to judgment as a matter of law as to those claims.

* * *

Here, even if Plaintiff could demonstrate her prima facie case – which she cannot – she has failed to set forth any evidence to create a triable issue of fact that Defendant's stated reasons for her termination are pretext for discrimination.

Defendant has set forth the legitimate non-discriminatory reason that it eliminated Plaintiff's position because it determined that the benefit of Plaintiff's marketing efforts did not outweigh the cost of Plaintiff's compensation and benefits, and that it was prudent to eliminate Plaintiff's position and to outsource and reallocate her duties. * * * This decision was made at a time when Defendant's Cambridge, Ohio office was losing money. * * *

Plaintiff does not dispute that her position was eliminated. * * * Moreover, Plaintiff concedes she was never actually replaced by Mr. Rollins. * * * Plaintiff also offered no evidence to refute Defendant's proffered reasons for the elimination of her position or the status of Defendant's overall business. * * *

As such, Plaintiff has failed to demonstrate Defendant's stated legitimate non-discriminatory reason for the elimination of her position is mere pretext for discrimination. Defendant is entitled to judgment as a matter of law.

(1/7/2021 Judgment Entry, p. 5-8).

{¶17} As stated, Appellant does not contend that she was replaced by Rollins, as it is undisputed that Rollins was never hired by Appellee for any position following

Appellant's termination. Rather, it is Appellant's contention that at the time she was terminated, she believed it was Appellee's intention to replace her with Rollins, a substantially younger person, thereby amounting to age discrimination. Appellant contends "the trial court ignored the fact that it was [her] belief that she was going to be replaced by Rollins[.]" (5/7/2021 Appellant's Brief, p. 9). Appellant stresses that the law requiring replacement "should be changed, or at the very least expanded[.]" (6/7/21 Appellant's Reply Brief, p. 2). We disagree.

{¶18} Contrary to Appellant's position, the record reveals the trial court ignored nothing and Appellant's argument goes against federal, Ohio Supreme Court, and this court's precedent which requires an employee to demonstrate she was actually replaced. *McDonnell Douglas, supra*; *Barker, supra*; *Ryncarz v. Belmont Co. Ct. of Common Pleas Juvenile Ct. Div.*, 7th Dist. Belmont No. 16 BE 0017, 2017-Ohio-4423, ¶ 12 ("The threshold matter here is whether Appellant established that she was replaced by a person of a substantially younger age. In order to meet her burden, Appellant is required to provide proof of this element of her claim.") An intent by an employer for another employee to assume only some duties does not constitute replacement. *Id.* As the trial court struck Appellant's contradictory affidavit from the record, there is no evidence to even support her novel theory regarding replacement.

{¶19} The record further establishes that even if Appellant could demonstrate a prima facie case of age discrimination, she fails to show that Appellee's proffered reason for the termination is a pretext. Appellant admitted during her deposition that Altier informed her that her position was being eliminated. Appellant's admission supports Appellee's proffered reason that Appellant's position was eliminated because Appellee determined it no longer needed an in-house Marketing Director. Altier indicated that the costs associated with the in-house position outweighed its benefits and that at the time she made the decision, Appellee's Cambridge, Ohio office was losing money. Appellant provided no evidence to the contrary.

{¶20} Upon consideration, Appellee is entitled to summary judgment because there is no genuine issue of material fact that Appellant was replaced by someone substantially younger than her. Therefore, Appellant failed to demonstrate the fourth

prong of her prima facie case of age discrimination. Accordingly, the trial court properly granted Appellee's motion for summary judgment.

## CONCLUSION

**{¶21}** For the foregoing reasons, Appellant's sole assignment of error is not well-taken. The judgment of the Belmont County Court of Common Pleas granting Appellee's motion for summary judgment is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.

Case No. 21 BE 0007

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**